442 So.2d 1340 (1983)
Clark FARNSWORTH, Ind., et al., Plaintiff-Appellee,
v.
LUMBERMENS MUTUAL CASUALTY CO., et al., Defendant-Appellant.
No. 83-399.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1342 Brinkhaus, Dauzat & Falgoust, Jimmy Dauzat and Jerry J. Falgoust, Opelousas, for defendant-appellant.
Guglielmo & Lopez, Peter Caviness and Gina B. Tuttle, Opelousas, for defendant-appellee.
Thomas J. DeJean, Opelousas, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Clark Farnsworth, individually and as administrator of the estate of his minor daughter, Michelle Farnsworth, and Myra Farnsworth, brought suit against Lumbermens Mutual Casualty Company (hereafter Lumbermens), the insurer of Artheus Leger, and Employers Fire Insurance Company (hereafter Employers), the uninsured motorist carrier for the Farnsworths. On January 20, 1983 the jury returned a verdict in favor of the Farnsworths, apportioning fault equally against Artheus Leger and the uninsured motorist, Phyllis Bob. General damages were awarded to Myra Farnsworth in the sum of $30,000 and to Michelle Farnsworth in the sum of $6,000. Over the objection of Lumbermens the formal judgment casts Lumbermens as the defendant solely liable for plaintiffs' damages. Lumbermens has perfected this appeal and Employers has answered the appeal.
This appeal presents three issues for review:
(1) Whether the jury erred in apportioning fault equally between Artheus Leger and Phyllis Bob;
(2) Whether the jury abused its discretion in its general damage awards to Myra Farnsworth and Michelle Farnsworth; and
(3) Whether the trial judge erred in not finding Lumbermens and Employers jointly liable for plaintiffs' damages.

FACTS
This case involves a three car collision which occurred on Cresswell Lane in Opelousas in the mid-afternoon on September 3, 1981. It had been raining and the road was wet. Cresswell Lane is a four lane road running in an east-west direction. Academy and Jasmine Streets are two lane roads which intersect Cresswell Lane in a north-south direction. Jasmine Drive intersects with Cresswell at its south side; its intersection is controlled by a stop sign on Jasmine. Academy Street intersects with Cresswell at its north side; its intersection is controlled by a stop sign on Academy. The Academy intersection with Cresswell lies a few feet west of Jasmine's intersection with Cresswell.
Artheus Leger was traveling north on Jasmine when he stopped for the stop sign, and then proceeded diagonally across Cresswell to enter Academy. Myra Farnsworth was stopped at the intersection of Academy and Cresswell where she observed the Leger vehicle from the time it stopped on Jasmine until the accident occurred.
As the Leger vehicle was entering Academy Street, it was struck by a vehicle driven by Phyllis Bob, who was traveling in a westerly direction on Cresswell. The force of the impact shoved Mr. Leger's vehicle into the Farnsworth vehicle which was stopped on Academy.

ALLOCATION OF FAULT
When a civil case is appealed the reviewing court is constitutionally mandated to give a thorough review of the jury's factual findings. LSA-Const. Art. 5, section 10(B); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). For us to affirm the lower court's judgment the record must reveal that a reasonable factual basis for the jury's findings exists, and that these findings are not manifestly erroneous. Esta v. Dover Corp., 385 So.2d 439 (La. App. 1st Cir.1980). After carefully reviewing the record, we see no manifest error in *1343 the jury's findings that both Artheus Leger and Phyllis Bob were negligent.
Mrs. Farnsworth, who observed Mr. Leger's movements prior to the accident, described him as "poking" across Cresswell Lane and she felt that he would never get across the street. She even attempted to warn Mr. Leger of the approaching Bob vehicle by blowing her horn, but she was unsuccessful in gaining his attention. She stated that while Mr. Leger was crossing Cresswell, he looked straight ahead failing to look to either side. Mr. Leger testified that he never saw the Bob vehicle prior to the accident.
Phyllis Bob was sixteen years of age at the time of the accident. She had never obtained a drivers license and she had been driving for approximately three months. She stated she was traveling approximately 30 miles per hour and first saw the Leger vehicle approximately 136 feet from the point of impact. Her vehicle left 69 feet of skid marks prior to the collision. The westbound inside lane of Cresswell was unoccupied and available for evasive actions by the Bob vehicle which Phyllis Bob failed to take.
Accordingly, we do not find that the jury committed manifest error in apportioning fault as to the cause of the accident, namely 50% to Artheus Leger and 50% to Phyllis Bob.

QUANTUM
Lumbermens and Employers contend that the jury abused its discretion in its award of general damages to Myra Farnsworth and her minor daughter, Michelle.
It is well established that before a reviewing court can disturb an award made by a trial court, the record must clearly show that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976); Reck v. Stevens, 373 So.2d 498 (La. 1979). In Coco, supra, quoted approvingly in Reck, supra, the Supreme Court stated:

"Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. [citations omitted] It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence." (Emphasis added)

Since the jury does have great discretion in setting damages under LSA-C.C. Art. 1934(3), the proper test for whether a quantum award can be upheld revolves around a determination of whether the facts and circumstances peculiar to this case and this individual, interpreted in a light most favorable to the plaintiff, reasonably support the jury's decision. Schexnayder v. Carpenter, 346 So.2d 196 (La. 1977); Reck, supra.
At the time of the accident, Myra Farnsworth was 34 years of age and employed full time as an executive secretary at a local bank.
In anticipation of the accident, Mrs. Farnsworth firmly gripped the steering wheel. As a result of the accident Mrs. Farnsworth received a trauma to her right wrist which was not immediately apparent. After the accident she was ambulatory and returned home.
On February 25, 1982, some 5½ months post-accident, Mrs. Farnsworth saw Dr. Ladislas Lazaro, III, an orthopedic surgeon, for swelling and pain in her right wrist. After medical examination and testing, Dr. Lazaro discovered the presence of a cyst two centimeters in width on her right wrist. On March 15, 1982 Dr. Lazaro removed the cyst in a 25-40 minute surgical procedure which required a general anesthesia. Dr. Lazaro was of the opinion that the cyst developed as a result of her firm grip on the steering wheel during the accident. At the time of trial, Dr. Lazaro *1344 testified that an additional 3 months treatment would probably be required to resolve a tendonitis condition that developed as a result of the surgery.
Mrs. Farnsworth experienced some wrist inflammation and tendonitis after surgery which were controlled by medication. Dr. Lazaro does not anticipate any additional surgery, his prognosis is good, and he does not feel that she will have any permanent disability.
The only work missed by Mrs. Farnsworth was two weeks when she had the cyst surgically removed. Since the operation her wrist has caused her to work more slowly and has required her to seek assistance from her co-workers. The two inch scar from the operation has caused her great embarrassment.
After reviewing the evidence in light most favorable to Mrs. Farnsworth, and deferring to the jury the great discretion it is allowed, we conclude that the record clearly shows the jury abused its discretion in awarding $30,000 general damages in this particular case. Mrs. Farnsworth did not suffer any permanent disability or extreme pain that would merit such an award. Finding this award to be excessive, we therefore, lower the jury award to the highest point which is reasonably within the discretion afforded the jury. Coco, supra. The trial court's judgment is amended by reducing the jury's general damages award to Mrs. Farnsworth to the sum of $15,000.
Michelle Farnsworth, the minor, received a $6,000 general damage jury award. Michelle was 3½ years of age at the time of the accident. She was examined by a pediatrician, Dr. Brent Prather, the day after the accident. Dr. Prather determined that she received no physical injuries. After the accident Michelle was upset and emotionally shaken, and continued to be upset when she heard ambulance or police sirens. When she was upset she would sleep with her parents. Dr. Prather did not prescribe any medication for this condition.
After reviewing the evidence in light most favorable to Michelle Farnsworth, and deferring to the jury the great discretion it is allowed, we conclude that the record clearly shows the jury abused its discretion in awarding $6,000 general damages in this particular case. Michelle's emotional trauma is mild, not requiring treatment or medication. There is no evidence of any disabilities. Finding this award to be excessive, we therefore, lower the award to the highest point which is reasonably within the discretion afforded the jury. Coco, supra. The trial court's judgment is amended by reducing the jury award to Michelle Farnsworth for general damages to the sum of $2,000.

JUDGMENT
Phyllis Bob was uninsured and was not made a party to the lawsuit. Mr. and Mrs. Farnsworth sued their uninsured motorist carrier, Employers. The jury found fault against Artheus Leger and Phyllis Bob in the proportions of 50% to each. The trial judge cast Lumbermens (Artheus Leger's insurer) with the entire judgment. Lumbermens filed a motion in opposition to the form of the judgment asking that Employers be held as a joint obligor with Lumbermens, subject to Employers' policy limits.
Lumbermens contends that Employers is solidarily liable with Lumbermens for the damages apportioned to the uninsured motorist, Phyllis Bob. We agree.
In Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982) the Louisiana Supreme Court concluded that the tortfeasor and the uninsured motorist carrier were solidarily liable. See also: Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983), Kelly on Behalf of Kelly v. Templet, 428 So.2d 817 (La.App. 1st Cir.1982), writ denied 433 So.2d 152 (La.1983). In Johnson v. Fireman's Fund Insurance Company, 425 So.2d 224 (La. 1982), the Supreme Court reaffirmed its position in Hoefly, supra. The court stated in Johnson, supra, at page 227:

*1345 ... Although uninsured motorist coverage is provided for the protection of persons injured by uninsured or underinsured tortfeasors, and not for the benefit of such wrongdoers, the statutorily specified coverage guarantees the injured person's recovery of damages as if the tortfeasor had been insured.... Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage which the tortfeasor has wrongfully caused. By effect of law and the delivery or issuance for delivery of automobile liability insurance, both the uninsured motorist carrier and the tortfeasor are obliged to the same thing.... The fact that the uninsured motorist carrier is bound by the combined effect of the tortfeasor's wrongful act, the uninsured motorist statute, and the carrier's delivery or issuance for delivery of automobile liability insurance, while the tortfeasor is obliged merely because of his delict, does not prevent them from being obliged to the same thing. An obligation may be in solido, requiring that the obligors be obliged to the same thing, even though the obligations of the obligors arise from separate acts or by different reasons...." [Citations omitted]

The impact of these decisions has led us to conclude that an uninsured motorist carrier is now "statutorily bound to recompense for the claims of an injured party just as though it were the tortfeasor's insurer." Stroud v. Liberty Mutual Insurance Company, 429 So.2d 492 (La.App. 3rd Cir.1983), writ denied 437 So.2d 1147 (La. 1983). See also Chiasson v. Whitney, 427 So.2d 470 (La.App. 5th Cir.1983) and Decedue v. Government Employees Insurance Company, 441 So.2d 72 (La.App. 5th Cir. 1983). In light of this shift in judicial reasoning, we conclude that the earlier contrary holdings in Gautreaux v. Pierre, 254 So.2d 476 (La.App. 3rd Cir.1971), and Fouquier v. Travelers Insurance Company, 204 So.2d 400 (La.App. 1st Cir.1967), are no longer controlling.
Therefore, based on Hoefly, supra, and its progeny, the trial court's judgment in the case sub judice will be amended to make Employers solidarily liable with Lumbermens, subject to Employers' policy limits.
For the foregoing reasons the judgment of the trial court is amended and recast as follows and, as amended is affirmed.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Myra Farnsworth and against Lumbermens Mutual Casualty Company and Employers Fire Insurance Company, in solido, in the full sum of $15,000, together with legal interest thereon from date of judicial demand, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Clark Farnsworth as administrator of the estate of his minor daughter, Michelle Farnsworth, and against Lumbermens Mutual Casualty Company and Employers Fire Insurance Company, in solido, in the full sum of $2,000, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Clark Farnsworth and against Lumbermens Mutual Casualty Company and Employers Fire Insurance Company, in solido, in the full amount of $3,873.53, representing medical expenses, property damage, and lost wages, together with legal interest from the date of judicial demand, until paid.
All other provisions of the trial court's judgment not inconsistent herewith are affirmed.
All costs of the trial court and this appeal are assessed equally to Lumbermens Mutual Casualty Company and Employers Fire Insurance Company.
AMENDED IN PART; AFFIRMED IN PART; AND RENDERED.