DOUCET, Judge.
Geraldine (Gerry) and Della Moore, appearing on their own behalves, appeal the ruling of the trial court with regard to the disposition of certain money and jewelry allegedly taken from them at the time of their arrest by the Beauregard Parish Sheriffs Office.
Gerry and Della were arrested in DeRid-der, La. on drug charges. $1,778.92 was taken from the two of them. In addition, Della claims that certain jewelry was taken from her, including: a diamond ring, a gold wedding band, a Timex watch, a dinner ring and diamond stud earrings. No property receipt was made documenting the alleged seizure of jewelry.
Gerry and .Della filed a petition to have the money transferred to their prison accounts at St. Gabriel.
At the first trial court hearing, it was determined that the funds had been seized by the DeRidder Police Department. The Police Department admitted to having distributed the money to three local banks in response to alleged claims of ownership on their part. Judge Coltharp set another hearing at a later date to allow intervention of the banks in the determination of the ownership of the funds in accord with La. R.S. 15:41. The First National Bank of DeRidder, The City Savings Bank & Trust Company, and the National Bank of Commerce of DeRidder all intervened. Each claimed a portion of the money seized from the Moores on the basis that the Moores had fraudulently obtained it from them through a scheme involving the opening of checking accounts under false names, the subsequent deposit of forged checks and the withdrawal or holding out of that deposit of amounts of cash.
The trial judge found that the three banks had proven their claims to the money by a preponderance of the evidence. He rendered judgment in favor of City Savings Bank and Trust Company declaring $990.00 of the seized money to be its property; in favor of The First National Bank of DeRid-der declaring $325.00 of the seized money to be its property; and in favor of The National Bank of Commerce of DeRidder declaring $405.00 of the seized money to be its property. He further ordered that any remaining money be transferred to Gerry and Della Moore.
Gerry and Della appeal the trial court’s decision. The appellants’ brief is a rehash of the claims made in the original petition. It is not our function to retry this case. In reviewing a judgment of a lower court we, the appellate court, are mandated by the Constitution of 1974, art. 5 § 10(B) to review both the facts and the law. As this court stated in Wiley v. Travelers Insurance Co., 300 So.2d 555 (La.App. 3rd Cir.1974), writ denied 303 So.2d 187 (La. 1974);
“... Ours is not the primary duty of weighing the evidence, judging the credibility of witnesses or evaluating the strength of the various experts’ opinions. On the contrary, these tasks are allotted initially to the triers of fact, here the jury; and the conclusions of the jury as to facts should not be disturbed unless manifestly erroneous. See Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3 Cir. 1971); and Busby v. St. Paul Fire & Marine Insurance Company, 290 So.2d 701 (La.App. 1 Cir.1974); writ denied, La., 294 So.2d 546....”
The task of the intermediate court is to examine the record and review the facts to determine whether the record reveals a reasonable factual basis for the trial court’s finding, and whether those findings are manifestly erroneous. Wiley v. Travelers Insurance Co., supra; Farnsworth v. Lumberman’s Mutual Casualty Co., 442 So.2d 1340 (La.App. 3rd Cir.1983), writ denied 445 So.2d 452 (La.1984). The Supreme Court explained the appropriate standard of appellate review in Canter v. Koehring, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a rea *1085 sonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
After a careful review of the record, we believe that the evidence before the trial judge provides a sufficient factual basis for his decision.
At the hearing both Gerry and Della claimed that the money seized from them was the remainder of the proceeds of an insurance settlement. No evidence was introduced to show that such a settlement had been received. The City of DeRidder introduced a statement taken from Della Moore at the time of her arrest on drug charges. In that statement, Della indicates that she and Gerry traveled together from Texas. The statement indicates that they had no money so they opened bank accounts and forged checks to obtain money. Della denies having made that statement.
A large amount of fictitious identification, including Social Security cards, drivers’ licenses, and credit cards, in various names including, Linda Collins, Joanne Reiner, and H.S. McDade were found in the possession of Gerry Moore at the time of her arrest. She also had blank counter-checks from a variety of Oklahoma and Texas banks, and deposit slips from the DeRidder banks. At the time of her arrest, Della was using the name, and carrying a credit card in the name, of Joanne Reiner. Gerry testified that the fictitious identification, the counter-checks and deposit slips had been given to her in a bundle, the contents of which she had no knowledge, by a couple calling themselves Ruth and Buddy West. Ruth and Buddy West did not appear at the hearing, having allegedly left town without notice. Gerry and Della both admitted having had false drivers’ licenses made, allegedly by Ruth and Buddy, in the names of Linda and James L. Collins, because Gerry was breaking parole by leaving Texas and did not want to use his real name if stopped by the police.
Margaret Rinehart, a teller at The First National Bank of DeRidder for four and one-half years, testified that she spent approximately 20 minutes opening a checking account with a cash deposit of $50.00 for a person identifying himself as H.S. McDade with a Social Security card and a Visa card. She identified Gerry Moore as the person who opened that account. She further testified that a few days later she was notified that a check deposited to the McDade account had been returned by the bank on which it was written with the notation that no such account existed. Documents were introduced showing that checks on out-of-state banks were deposited in the account of H.S. McDade and funds withdrawn or withheld from the deposit at the same time. Later, the deposited checks were returned marked “No Account” leaving the McDade account overdrawn. The same pattern of opening accounts in false names, depositing forged checks and withholding cash from the deposit emerged in documents presented by The National Bank of Commerce of DeRidder, where an account was opened in the name of H.S. McDade, and at City Savings where an account was opened in the name of J.C. Collins. Gerry and Della claimed to know nothing of these accounts.
With regard to the jewelry taken from Della Moore, Gwen Borel and Doris Mitchell, employees of the DeRidder Police Department who searched Della after her arrest, testified that they did not take any jewelry from her. They stated that they were not searching for jewelry and did not *1086 notice if she was wearing any. Sergeant Jimmy Smith of the DeRidder Police Department testified that it is not the practice of the DeRidder Police Department to seize jewelry from arrested persons unless it is believed to be stolen property.
It was also revealed that Gerry and Della both have extensive criminal records including convictions for armed robbery, embezzlement and transportation of forged money orders over state lines. In addition, Della admitted to having been a drug addict at the time of her arrest.
At the close of the hearing, Judge Coltharp gave extensive reasons for his decision to render judgment in favor of the banks and to dismiss Della’s claim for the jewelry. He correctly stated that the claimants had the burden of proving by a preponderance of the evidence, the ownership of the money. He explained that the evidence indicating Gerry’s and Della’s involvement in the scheme to defraud the banks; the false identification papers, the counter-checks and deposit slips, together with the identification by the bank teller, the lack of any proof of the alleged insurance settlement, and Della’s statement admitting to the scheme, was too strong to be coincidental. He cites their criminal past as well as Della’s prior drug addiction as further reason for a lack of credibility. As a result, he found the testimony presented by the City of DeRidder and the banks to be more credible.
In rejecting Della’s claims for seized jewelry, he states that he found the testimony of the three police employees to be most convincing. In addition, he states that he believed that in light of Della’s past experience and familiarity with police procedures, she would have objected to the absence of her jewelry from the items listed on the property receipt.
We cannot find these conclusions unreasonable or without a factual basis in light of the record before us. Nor do we find any manifest error. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.