GRISBAUM, Judge.
This case relates to the liability of an uninsured motorist carrier in relation to joint tortfeasors. From a judgment dismissing the uninsured motorist carrier, this appeal arises. We reverse and recast.
ISSUE
The sole issue is whether the trial court erred in finding the innocent party’s uninsured motorist carrier not liable for the apportioned negligence of the insolvent joint tortfeasor.
*1136 FACTS
On June 3, 1983, the defendant, Ms. Nancy W. Cantrelle, while on a mission for her employer, Illinois Central Gulf Railroad, was proceeding upriver on Louisiana Highway 44 (River Road), a two-lane highway, near Reserve, Louisiana. The weather was clear and dry. She had passed in front of a Phillips 66 service station and was approaching a pickup truck parked just off the highway to her right. Just as the front of her car was more or less even with the rear of the pickup, a vehicle driven by Mr. Richard Bowser, Jr. entered her lane of travel from immediately in front of the parked pickup (that is, about one car-length ahead of Cantrelle’s car). Since Ms. Can-trelle was proceeding at about 40 miles per hour, Bowser’s maneuver necessitated her taking evasive action. Ms. Cantrelle applied her brakes and thereupon veered into the downriver lane, where the plaintiff, Ms. Joy Perrilloux, unfortunately happened to be. Apparently, Ms. Cantrelle smashed into the left side of the plaintiffs vehicle and then bounced away to strike Bowser’s vehicle in the rear. Ms. Perrilloux proceeded onto the shoulder, coming to rest against a pipeline guardrail. After a trial on the merits, the jury found that Mr. Bowser was 60 percent at fault and Ms. Cantrelle was 40 percent at fault. Accordingly, on May 21, 1985, the jury found in plaintiff’s favor and against Cantrelle, Illinois Central Gulf, and Bowser, in solido, for $11,700 plus interest and costs. Thereafter, plaintiff’s uninsured motorist carrier was dismissed by the trial judge. Mr. Bow-ser was uninsured and is, apparently, now insolvent.
ANALYSIS
Initially, we note that before us is only the question of law. No tortfeasor disputes liability nor the apportionment thereof decided at trial. Thus, we need decide only whether the plaintiff’s uninsured motorist carrier is bound solidarily with Bow-ser for the 60 percent of assigned fault. In answering this question, we note the rationale and holding of Farnsworth v. Lumbermens Mut. Cas. Co., 442 So.2d 1340 (La.App. 3d Cir.1983), writ denied, 445 So.2d 452 (La.1984), which states:
In Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982) the Louisiana Supreme Court concluded that the tortfeasor and the uninsured motorist carrier were solidarily liable. See also: Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983), Kelly on Behalf of Kelly v. Templet, 428 So.2d 817 (La.App. 1st Cir.1982), writ denied[,] 433 So.2d 152 (La.1983). In Johnson v. Fireman’s Fund Insurance Company, 425 So.2d 224 (La.1982), the Supreme Court reaffirmed its position in Hoefly, supra. The court stated in Johnson, supra, at page 227:
... Although uninsured motorist coverage is provided for the protection of persons injured by uninsured or under-insured tortfeasors, and not for the benefit of such wrongdoers, the statutorily specified coverage guarantees the injured person’s recovery of damages as if the tortfeasor had been insured.... Subject to conditions not granted the tortfeasor, the uninsured motorist carrier is independently obliged to repair the same damage which the tortfeasor has wrongfully caused. By effect of law and the delivery or issuance for delivery of automobile liability insurance, both the uninsured motorist carrier and the tort-feasor are obliged to the same thing. ... The fact that the uninsured motorist carrier is bound by the combined effect of the tortfeasor’s wrongful act, the uninsured motorist statute, and the carrier’s delivery or issuance for delivery of automobile liability insurance, while the tortfeasor is obliged merely because of his delict, does not prevent them from being obliged to the same thing. An obligation may be in solido, requiring that the obligors be obliged to the same thing, even though the obligations of the obligors arise from separate acts or by different reasons.... [Citations omitted; closing quotation marks and italics deleted]
*1137 The impact of these decisions has led us to conclude that an uninsured motorist carrier is now “statutorily bound to recompense for the claims of an injured party just as though it were the tort-feasor’s insurer.” Stroud v. Liberty Mutual Insurance Company, 429 So.2d 492 (La.App. 3d Cir.1983), writ denied [,] 437 So.2d 1147 (La.1983). See also Chiasson v. Whitney, 427 So.2d 470 (La.App. 5th Cir.1983) and Decedue v. Government Employees Insurance Company, 441 So.2d 72 (La.App. 5th Cir.1983).
Id. at 1344-45. So also are we led to conclude.[1]
Therefore, the trial court’s judgment is amended to make Allstate Insurance Company solidarily liable with Richard Bowser, Jr. for 60 percent of the apportioned fault, Nancy Cantrelle and Illinois Central Gulf Railroad being 40 percent at fault.
For the reasons assigned, the judgment of the trial court is reversed and recast; all costs of this appeal are assessed against the appellee, Allstate Insurance Company.
REVERSED AND RECAST.

. We thus also agree with the Fourth Circuit, which adopted the Farnsworth rationale in Harris v. Guitterez, 469 So.2d 1135 (La.App. 4th Cir.1985).