LABORDE, Judge.
Plaintiffs-appellants, Austin and Margie Clement, appeal the judgment of the trial court dismissing defendant-appellee, Trinity Universal Insurance Company of Kansas, Inc., from suit with prejudice. Appellants assert that the trial court erred in granting the uninsured motorist carrier (Trinity) credit for sums paid by a fully insured joint tortfeasor.
Parties to this controversy stipulated several facts. Among the stipulations is the amount of damages sustained by appellants, to wit, $126,799.50. Further stipulation establishes that appellants have received sums in excess of that amount from insurance companies other than Trinity. Appellants are not unprotected by liability insurance; therefore, their UM insurance coverage is not available to them. The lack of insurance on the offending vehicle and its driver is a condition precedent to the applicability of the UM endorsement and a matter which the claimant must plead and prove in order to recover from the UM carrier. Keller v. Amedeo, 512 So.2d 385 (La.1987). Here, plaintiff failed to establish the condition precedent. Please see the trial court’s reasons for judgment annexed hereto.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiffs-appellants, Austin and Margie Clement.
AFFIRMED.
*652 FONTENOT, Judge.
These two consolidated cases, by agreement of all parties, have been presented to the court for summary judgment on stipulated facts and certain stipulated conclusions of law. Only one case, number 7309, contains an unresolved issue. The formal stipulation, composed of two documents and containing twenty five numbered paragraphs, is made part of the record and does not need to be recited in its entirety. For reference purposes, this discussion will begin with an abbreviated statement of the facts. Also mentioned are the legal conclusions which are submitted in the stipulation.
On January 19, 1979 a two vehicle accident occurred in Cameron Parish. One vehicle was owned by Louisiana Tank, Inc. and driven by one of its employees, Jason Dugas. The other vehicle was owned and driven by Robert G. Clement. The Clement vehicle contained two guest passengers, Kevin L. Clement and Bernard A. Clement. All occupants of the Clement vehicle were killed instantly. Bernard A. Clement is survived by his wife, Charmane Clement, plaintiff in one action; Kevin L. Clement is survived by his parents, Austin Clement and Margie Bertrand Clement, plaintiffs in the other action.
On the day of the accident, Louisiana Tank, Inc. had in effect a liability policy issued by United States Fidelity and Guaranty Company (“U.S.F. & G.”) covering the vehicle and driver involved in the accident. Said policy provided an aggregate amount of $500,000.00 of liability insurance for any one accident or loss. In addition, Louisiana Tank, Inc. had in effect a comprehensive excess indemnity policy issued by U.S.F. & G. providing excess liability insurance of $1,000,000.00 per occurrence.
On the day of the accident a policy of automobile liability insurance was in effect on the vehicle owned and driven by Robert Clement and issued by Dairyland Insurance Company with limits of bodily injury coverage of $10,000.00 for each person or $20,-000.00 for each accident.
On the date of the accident, Trinity Universal Insurance Company of Kansas, Inc. (“Trinity”), had in full force and effect two policies of automobile liability insurance which provided uninsured motorist insurance for Kevin Louis Clement. One of the policies had been issued to Kevin for his personal automobile; the other had been issued to Austin Clement for his personal automobiles and because Kevin Louis Clement was a resident of Austin Clement’s household, he was an insured person under Trinity’s policy.
The stipulation further recites that at all times pertinent Jason D. Dugas and Robert G. Clement were both guilty of negligence proximately causing the accident and resulting deaths of Bernard and Kevin Clement. No defense for contributory negligence or assumption of the risks is made by the defendant.
On or about April 2,1979 Austin Clement and Margie Bernard Clement settled their claim for the death of their son, Kevin Clement, with U.S.F. & G. in consideration of $126,799.50 which was paid and for which these plaintiffs executed a release of Louisiana Tank, Inc., Jason D. Dugas and United States Fidelity and Guaranty Company. On or about April 18, 1979 Char-mane Clement, wife of Bernard A. Clement, settled her claim for the death of Bernard A. Clement with United States Fidelity and Guaranty Company in consideration of $201,954.50 which was paid and for which she executed a release of Jason D. Dugas, Louisiana Tank, Inc. and U.S.F. & G.
On or about August 2,1979 Austin Clement and his wife, Margie Bertrand Clement settled their claim for the death of their son, Kevin Clement, with Dairyland Insurance Company in consideration of $11,-000.00 representing the full policy limits for the liability coverage and the medical payment provisions of the said policy. The amounts were paid and these two plaintiffs executed a release of Robert Clement and Dairyland Insurance Company. On or about August 30, 1979 Charmane Clement settled her claim for the death of Bernard A. Clement with Dairyland Insurance Company in consideration of $11,000.00 for which she was paid and for which she *653 executed a release of Robert Clement and Dairyland Insurance Company.
The stipulation further establishes the amount of damages sustained by plaintiffs. The damages sustained by August Clement and Margie Bertrand Clement for the death of their son, Kevin, total $126,799.50, the amount received from U.S.F. & G.
Under the set of facts and legal conclusions submitted to the court, the remaining question is whether Trinity, as an uninsured motorist carrier, has an obligation to pay any portion of the damages suffered by plaintiffs Austin Clement and Margie Bertrand Clement.
It is plaintiffs position that the existence of an underinsured tort feasor, Robert Clement, operates to trigger the uninsured motorist provisions of the two Trinity policies, thereby making Trinity a solidary obli-gor with the two joint tort feasors, Robert Clement and Jason D. Dugas. Farnsworth v. Lumbermens Mutual Casualty Company, 442 So.2d 1340 (La.App. 3d Cir.1983). Applying the joint tort feasor solidary obligation principles announced in Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App.3d Cir.1964), plaintiff argues that Trinity is only entitled to credit for payment of one-half of the plaintiffs damages, presumably giving additional credit for the liability limits of the Dairyland policy covering the underinsured tort feasor, Robert Clement. Hebert v. Ordoyne, 388 So.2d 407 (La.App. 1st Cir., 1980). Plaintiffs argue that because the total damages suffered by the plaintiffs total $126,799.50 and because Robert Clement’s insurer can only contribute $11,000.00 toward that amount, Trinity becomes the excess insurer for Robert Clement and must pay up its available uninsured coverage limits total-ling $20,000.00. It is argued that Trinity cannot benefit from the settlement with the other joint tort feasor, Louisiana Tank, Inc., except to the one-half credit as seen in Harvey, supra.
Plaintiffs position is not supported by the reasoning voiced in Fertitta v. Allstate Insurance Company, 462 So.2d 159 (La. 1985). That case presented the converse of the case before the court. In Fertitta, the plaintiff sued both a negligent motorist, who was apparently underinsured, and plaintiffs own UM insurer, State Farm. Before trial, plaintiff settled with State Farm for $32,000.00 of a $50,000.00 policy limit. Plaintiffs damages were established after trial to be $48,701.11. The tort feasor contended that it was entitled to credit for the State Farm payment. The Supreme Court agreed and explained that a solidary obligation existed between the tort feasor and the UM insurer, State Farm, reaffirming the holding of Hoefly v. Government Employees Insurance Company, 418 So. 2d 575 (La.1982). The payment by one solidary obligor is credited against the soli-dary obligation to reduce the indebtedness of the other solidary obligor. It should be unarguable that if a tort feasor is entitled to credit for payments made by a UM insurer toward the payment of a plaintiffs damages, then a fortiori, the UM insurer is entitled to credit for payments made by the tort feasor or its liability insurer. Whatever rights of reimbursement there may be between the solidary obligors, Louisiana Tank, Inc. and Trinity, is not before the court. The public policy represented by the uninsured motorist statute is furthered by the holding in this instance. As was said in Fertitta at Page 163:
“Stated otherwise, when the liability is solidary, the creditor cannot collect more than the full amount of the debt for the single or combined payments of the debtors. Therefore, solidarity is not inconsistent with the purpose of providing full recovery of the tort victim.”
The settlement with U.S.F. & G. provided full recovery for the tort victims herein and recovery beyond that amount is not supported by any theory of the cases and is certainly not the goal of the statutory scheme.
Accordingly, a judgment will be entered dismissing any further claims against Trinity and costs are to be assessed against the plaintiffs. A judgment in accordance with these views will be signed upon presentation.