GUIDRY, Judge.
Trinity Universal Insurance Company (hereafter Trinity), uninsured motorist insurer of plaintiff, Rex Edwards, appeals the judgment of the trial court dismissing its cross-claim against Liberty Mutual Insurance Company (hereafter Liberty), liability insurer of a joint tortfeasor, Craig Chomiak, for reimbursement of a settlement payment made by Trinity to the tort victims.
The issue presented on appeal concerns the rights inter se the uninsured/underin-sured motorist (UM) carrier, the liability carrier and the tortfeasors who are all soli-darily bound to a tort victim. Our specific consideration is whether the UM carrier is required to share in satisfying the obligation to the tort victim when one of the joint tortfeasors is uninsured but the liability carrier of the other joint tortfeasor provides coverage in excess of the damages incurred.
According to the parties’ joint stipulation, this suit evolves as a result of a three vehicle accident. One vehicle was owned and operated by plaintiff, Rex Edwards. Other occupants of the Edwards’ vehicle were his wife and two children. Edwards had UM coverage with appellant, Trinity, for $100,000.00 per person and $300,000.00 per occurrence. The second vehicle was owned by Louis Jordan and driven by Ronald Jordan. The Jordans are uninsured.[1] The third vehicle was owned by Cal-Tex Citrus Juice, Inc. (hereafter Cal-Tex) and driven by its employee, Craig Chomiak. The Cal-Tex vehicle was insured by Liber *96 ty Mutual with liability coverage up to $1,000,000.00.
As a result of the accident, Edwards and his family suffered serious injuries. Edwards filed suit against all the above named parties for damages. Trinity subsequently filed a cross-claim against Jordan, Chomiak, Cal-Tex and Liberty for amounts previously paid under their policy and for any further sums paid.
The parties stipulated that the accident was caused by the joint negligence of Jordan and Chomiak. Plaintiffs settled all claims for $650,000.00 of which $475,000.00 was paid by Liberty and $175,000.00 by Trinity. It was also stipulated that plaintiffs executed a valid assignment of their rights in favor of Trinity. Since the plaintiffs’ claims were fully satisfied in the settlement, the sole issue submitted to the trial court for decision was whether Trinity, as a matter of law, was entitled to recover from Liberty the $175,000.00 it paid in settlement to plaintiffs. The trial court decided the issue adverse to Trinity and the latter appealed.
Trinity argues that since there is liability insurance coverage available to plaintiffs, in excess of the damages incurred, from Liberty, insurer of Chomiak, that it has no UM responsibility. On the other hand, Liberty argues that Trinity stands in the shoes of the uninsured motorist, Jordan, and UM responsibility exists as a result of his partial fault. While we agree that Trinity stands in the shoes of Jordan from the standpoint of the plaintiffs, we do not agree that such is the case from the standpoint of the joint tortfeasor, Chomiak, and his insurer, Liberty, since the UM insurer, Trinity, has been subrogated to plaintiffs’ rights.
In Babineaux v. Domingue, 529 So.2d 45 (La.App. 3rd Cir.1988), Judge Stoker, in his concurring opinion, considered this precise issue concluding that although the UM carrier is solidarily bound with the joint tortfeasors to the plaintiff under Hoefly v. Government Employers Ins. Co., 418 So.2d 575 (La.1982), the relationship between the solidary obligors differs. He wrote:
“The ruling and legal holding of the Louisiana Supreme Court in Hoefly v. Government Employees Insurance Company, supra, is confined to the determination that “an automobile victim’s uninsured motorist carrier is solidarily obliged with the tort-feasor so that the victim’s timely suit against the latter interrupts prescription with regard to the insurer.” The Hoefly decision is confined to the effect of the solidarity in interrupting prescription.
In Hoefly the Supreme Court concluded by stating the following caveat at page 580:
“Allstate argues that the conclusion we have reached will cause all effects of solidarity to be applied in uninsured motorist cases. Care should be taken by civilian attorneys and jurists to be on guard against applying one segment of the code in isolation from others. Neither the Civil Code nor the revised statutes were intended to be applied in this manner. A full delineation of the relationship between the tortfeasor and the uninsured motorist carrier after payment of the debt owed by them solidarily is beyond the scope of this case. However, it is clear that the Civil Code recognizes that debtors, although solidarily bound for the creditor’s benefit, may have differing relationships among themselves. The conclusion that debtors are solidarily bound does not alone determine the rights and obligations of the debtors in relation to each other.”
Although Hoefly left open the question of how the concept of solidarity might be applied beyond the question of interruption of prescription, later expressions of the Supreme Court indicate that an uninsured or underinsured motorist carrier is obligated to pay damages as a solidary obligor with a tort-feasor. This is the holding of Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La.1982) which cites Hoefly for its holding. This court construed Hoefly and Johnson in 1983 in Farnsworth v. Lumbermens Mut. Cas. Co., 442 So.2d 1340 (La.App. 3d Cir.1983), writ denied, 445 So.2d 452 (La.1984). In Farnsworth there were two tort-feasors, one of which was insured and one *97 of which was not. The injured parties sued the carrier for the insured tort-feasor and their uninsured motorist carrier. The jury found both drivers to be equally at fault but the formal judgment cast the liability carrier solely for the plaintiffs’ entire damages. On appeal the liability carrier sought to have the uninsured motorist carrier cast solidarily with it. This court agreed on the basis of the holdings in Hoefly and Johnson. The trial court judgment was amended on appeal to cast the uninsured motorist carrier along with the liability carrier, subject to the uninsured motorist carrier’s policy limits, and the Supreme Court denied writs in the case.
Farnsworth is limited to holding the uninsured motorist carrier should be cast in judgment as a solidary obligor with the liability carrier. The appeal was taken by the liability carrier alone; the plaintiffs did not appeal. While there might be an implication implicit in the Farnsworth decision that both carriers, as between themselves, must share in the discharge of the judgment obligation, the decision does not go that far. We said that the impact of the decisions in Hoefly, Johnson and others led us to conclude that an uninsured motorist carrier is “now statutorily bound to recompense for claims of an injured party just as though it were the tortfeasor’s insurer.” This holding reflects the rights of accident victims to a solidary judgment against both liability and uninsured motorist carriers. In retrospect, since the plaintiffs did not appeal, it is conceivable that we could have rejected the liability carrier’s appeal without violence to Hoefly and Johnson. This would be so on the ground that a liability carrier has no claim against an uninsured motorist carrier.
Farnsworth did not reach the question of rights inter sese between liability and uninsured motorist carriers. It simply held that a judgment in favor of injured parties where both carriers are sued should be a solidary judgment in favor of the plaintiffs. The question of rights inter sese between the carriers was not addressed, and as the issue on appeal was framed, there was no need to address the question. In Hoefly the Supreme Court noted that the relationship between a tort-feasor (which would include the tort-feasor’s liability carrier) and uninsured motorist carriers was beyond the scope of the case; but the Supreme Court said: “However, it is clear that the Civil Code recognizes that debtors, although bound for the creditor’s benefit, may have differing relationships among themselves.” (Emphasis mine) The Supreme Court cited Civil Code articles 2103, 2104 and 2106 which' are now embodied in revised form in Articles 1804, 1805 and 1806.
In Johnson the Supreme Court made the following statement at page 227 (425 So. 2d):
“The uninsured motorist carrier who either totally or partially pays the employee automobile accident victim for the damages he has suffered is subrogated to the employee’s action against the uninsured or underinsured tortfeasor, reserving to the employee who has been only partially compensated for his loss a lawful cause and preference over the insurer for payment out of the tortfeasor’s property. La.C.C. arts. 2160-62. La.R.S. 22:1406(D)(4); Bond v. Commercial Union Assurance Co., 407 So.2d 401, 411 (La.1981).” 425 So.2d at 227.
The cited Civil Code articles are carried over in new Articles 1828 and 1829.
The subrogation concept in the context with which we are concerned was given an interesting construction in Fertitta v. Allstate, 462 So.2d 159 (La.1985). In that case the Supreme Court reaffirmed Hoefly. There an uninsured motorist carrier settled out of a suit before trial, but as part of the settlement with the plaintiff the uninsured motorist carrier waived its subrogation rights to recoup its payment from parties liable for the damages. The Fertitta court reaffirmed the holding of solidarity between uninsured motorist and liability carriers and gave the liability carrier credit against the judgment rendered in favor of the plaintiff for the amount paid by the uninsured motorist carrier in the settlement.
*98 In Fertitta the Supreme Court said at pages 162 and 163:
“If State Farm [the uninsured motorist carrier] had paid $32,000 [the settlement amount] to plaintiff without executing the waiver, undoubtedly State Farm could recover that amount from the proceeds of the judgment against McCarron [the tortfeasor]. La.R.S. 22:1406D(4). See also La.C.C. Art. 2106. Under those circumstances, plaintiff clearly would only be entitled to the proceeds of the judgment in excess of $32,000.”
LSA-R.S. 22:1406D(4) is the subrogation provision of Louisiana’s uninsured motorist statute.1 Civil Code Article 2106 (now embodied in Article 1804) provided:
“Art. 2106. If the affair for which the debt has been contracted in solido, concerns only one of the coobligors in soli-do, that one is liable for the whole debt towards the other codebtors, who, with regard to him, are considered only as his securities.”
Fertitta presented special circumstances which permitted the liability carrier to claim credit for settlement payments made by an uninsured motorist carrier. Fertitta establishes that the Louisiana Supreme Court does not consider that a credit or reduction which affects a plaintiff tort victim’s recovery, given in favor of a defendant because of another defendant’s payment, conflicts with the Hoefly holding.
In Keller v. Amedeo, 512 So.2d 385 (La. 1987) the Supreme Court indicated that an uninsured motorist carrier would be entitled to a credit to the extent that there was coverage under another carrier’s liability policy and remanded the case for reception of evidence as to the policy provision. In Keller the plaintiff joined Fireman’s Fund Insurance Company as a liability insurer of the tort-feasor. Fireman’s Fund was dismissed from the suit on an exception of no cause of action. In the trial Allstate Insurance Company, the plaintiffs’ uninsured motorist carrier, attempted to introduce a copy of Fireman’s Fund Insurance Company policy but the trial judge excluded the policy. The Supreme Court held exclusion of the policy was error and stated that “had it been proven that Fireman’s Fund insurance policy afforded Amedeo liability insurance at the time of the accident in question, Allstate would have been entitled to a credit against the gross judgment for the amount of that insurance.” In the interest of justice the Supreme Court remanded the case for additional evidence of the provisions of the policy of Fireman’s Fund. The quoted statement was the foundation for the remand and acted as an instruction as to the law to the lower courts. Under the circumstances it would seem to me that the Supreme Court’s statement concerning credit was not obi tur dicta. It was necessary to a decision in the case.
After Keller v. Amedeo, supra, was decided this court handed down an opinion in Clement v. Trinity Universal Ins. Co., 515 So.2d 651 (La.App. 3d Cir.1987), writ denied, 519 So.2d 126 (La.1988). The following is the entire sententious opinion written by Judge Laborde:
“Plaintiffs-appellants, Austin and Margie Clement, appeal the judgment of the trial court dismissing defendant-appellee, Trinity Universal Insurance Company of Kansas, Inc., from suit with prejudice. Appellants assert that the trial court erred in granting the uninsured motorist carrier (Trinity) credit for sums paid by a fully insured joint tortfeasor.
Parties to this controversy stipulated several facts. Among the stipulations is the amount of damages sustained by appellants, to wit, $126,799.50. Further stipulation establishes that appellants have received sums in excess of that amount from insurance companies other than Trinity. Appellants are not unprotected by liability insurance; therefore, their UM insurance coverage is not available to them. The lack of insurance on the offending vehicle and its driver is a condition precedent to the applicability of the UM endorsement and a matter which the claimant must plead and prove in order to recover from the UM carrier. Keller v. Amedeo, 512 So.2d 385 (La.1987). Here, plaintiff failed to establish the condition precedent. Please see the *99 trial court’s reasons for judgment annexed hereto.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff s-appellants, Austin and Margie Clement.
AFFIRMED.”
The sums received by plaintiffs referred to above were paid by a liability insurer in a settlement and release. The Supreme Court denied a writ in this case.
It does not seem to me to require extensive citation of authority to show that an injured party may not recover more than his damages and that recovery from one solidary liability insurer will preclude further recovery from another insurer. See Fertitta v. Allstate Ins. Co., supra, at page 163, headnotes 8 and 9. Under the circumstances it seems to me that Clement is correct. In Clement the plaintiffs had been paid their full damages. What of the situation where a judgment is rendered against a liability insurer which has not yet been paid? Can an uninsured motorist carrier solidarily liable with the liability carrier claim credit for the amount for which the liability carrier is cast? It seems to me that Keller v. Amedeo, supra, stands for that proposition. If that is so, then in the case before us, State Farm could have asked for credit for the amount of Shelter’s liability which would have wiped out any obligation of payment by State Farm.
[[Image here]]
In summary it would seem to me, that although uninsured motorist carriers are solidary obligors with tort-feasors and their liability insurers, the impact of this liability extends only to injured claimants. As between themselves the ultimate liability is different. The expressions in the cases, from Hoefly on, relative to these principles and the subrogation rights of uninsured motorists under the Civil Code and the uninsured motorist statute delineate this relationship. It is obvious that as between insurers the obligation of a liability insurer is primary and that of an uninsured motorist carrier contingent. Consequently, absent special circumstances such as were present in Fertitta v. Allstate, supra, the liability carrier cannot seek reimbursement from an uninsured motorist carrier or seek credit for payments made by the uninsured motorist carrier. However, the reverse is true. Nevertheless, an uninsured motorist carrier cannot, under Hoefly, avoid its soli-dary liability in favor of injured parties on the ground that its liability only exceeds the limits of liability of a liability insurer.
It seems to me that the proper course for an uninsured motorist carrier, when sued by an insured, is to third-party the tort-fea-sor and any liability insurer carrier of the tort-feasor. As the uninsured motorist will be cast in solido with these parties where the tort-feasor is liable, a judgment over for any sums the uninsured motorist carrier is required to pay would afford protection. If the principle of Keller v. Amedeo, supra, proves to be settled law, uninsured motorist carriers might not have to pay at all, or only have to pay any excess over limits of liability coverage. Reservations to protect against insolvency of a liability carrier could hold uninsured motorists carriers to their contingent liability until judgment creditors are satisfied.” Babineaux, at 48-52.
We fully agree with Judge Stoker’s excellent analysis of prior jurisprudence and with his conclusion that, although vis-a-vis the injured claimant, UM carriers are soli-dary obligors with tortfeasors and their insurers, as between themselves the ultimate liability is different. As between insurers the obligation of the liability insurer is primary and that of the UM carrier secondary, such that UM benefits are excess over and above the combined liability insurance limits of all tortfeasors. We further conclude that the UM carrier can seek reimbursement or credit for payments made from the liability insurer(s) through subro-gation. La.C.C. arts. 1804, 1805; La.R.S. 22:1406D(4).
In brief to this court, Liberty urges that the facts of the instant case are indistinguishable from Babineaux and accordingly, our decision in that case mandates an affirmance of the trial court judgment.
*100 We disagree. In Babineaux, under similar facts, the UM carrier sought relief on the basis of a repudiation of the concept of solidary liability of UM carriers, tort-feasors and their insurers to the injured claimant. As Judge Stoker astutely observed “[s]uch relief would have to come from the Supreme Court”. In the instant case, appellant seeks to enforce subrogation rights over against the liability carrier.
For these reasons, the judgment of the trial court is reversed. Accordingly, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of TRINITY UNIVERSAL INSURANCE COMPANY and against LIBERTY MUTUAL INSURANCE COMPANY in the total sum of ONE HUNDRED SEVENTY-FIVE THOUSAND AND NO/100 ($175,000.00) DOLLARS, together with interest at the rate of 10% per annum from July 1, 1988, until paid.
All costs of this appeal are assessed to Liberty Mutual Insurance Company.
REVERSED AND RENDERED.

. Dairyland Insurance Company was sued by the plaintiff as the insurer of the Jordan vehicle. However, according to the stipulation, the Jor-dans are uninsured.