388 So.2d 407 (1980)
Cathy Ann HEBERT and F. Sprague Pugh as Provisional Tutor of the Minors Jo Ann Hebert, Donna Ann Hebert, Pamela Ann Hebert and Donald Joseph Hebert
v.
Keith G. ORDOYNE, Champs Truck Service, Inc., John V. Beauvais, Southern Farm Bureau Casualty Insurance Company, Royal Globe Insurance Company, Cavalier Insurance Corporation, and Interstate Fire & Casualty Company.
No. 13233.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Rehearing Denied September 4, 1980.
*409 John B. Noland, and Charles W. Lamar, III, Baton Rouge, of counsel for plaintiffs-appellees, Cathy Ann Hebert et al.
Robert J. Vandaworker, Baton Rouge, of counsel for defendants appellant, Keith G. Ordoyne and Southern Farm Bureau Southern Farm Bureau Casualty Ins. Co.
Donald T. W. Phelps, John S. Thibaut, Jr., Baton Rouge, of counsel for defendant appellant, Royal-Globe Insurance Company.
John Dale Powers, Baton Rouge, of counsel for defendants appellee, John V. Beauvais, Champs Truck Service Inc. and Cavalier Ins. Corp.
Joseph F. Keogh, Baton Rouge, of counsel for defendant appellee, Interstate Fire & Cas. Co.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
On the evening of December 23, 1976, at approximately 6:30 P.M., Donald J. Hebert and his wife, Bobbie C. Hebert, were fatally injured in an accident which occurred at the intersection of U. S. Highway 61 and Louisiana Highway 54 in St. John the Baptist Parish. The accident occurred when an automobile driven by Keith G. Ordoyne entered the intersection of Highway 61 and Highway 54 in the path of a tractor-trailer rig owned by Champ's Truck Service, Inc. (Champ's),[1] and driven by its employee, John V. Beauvais. The vehicle driven by Ordoyne collided with the tractor-trailer rig, and the momentum carried it down Highway 61 in an easterly direction. The tractor-trailer rig came to rest straddling the east-bound lane of Highway 61 where it remained, blocking the path of east-bound traffic. Shortly thereafter, the vehicle driven by Donald J. Hebert and occupied by his wife, Bobbie C. Hebert, struck the tractor-trailer rig. Donald and Bobbie Hebert were killed instantly.
At the time of the accident, the Ordoyne vehicle was insured by Southern Farm Bureau Casualty Insurance Company (Farm Bureau). The vehicle owned by Champ's was insured by Cavalier Insurance Company (Cavalier). Interstate Fire & Casualty Company (Interstate) was a surplus line carrier for the Champ's vehicle and the Heberts were insured by Royal Globe Insurance Company (Royal Globe).
Five children survived the Heberts. Cathy Ann Hebert was of legal age. Jo Ann, Donna Ann, Pamela Ann and Donald J., III, were minors.
The Hebert children filed suit on March 2, 1977, against Keith G. Ordoyne and his insurer, Farm Bureau; John V. Beauvais; Champ's and its insurers, Cavalier and Interstate; and Royal Globe as the uninsured motorist carrier on the Hebert vehicle.
Royal Globe filed a third party demand against John V. Beauvais, Champ's, Cavalier, Keith G. Ordoyne and Farm Bureau. The third party demand claimed that if Royal Globe were held liable to plaintiffs because of its uninsured/underinsured coverage on the Hebert vehicle, then Royal Globe was entitled to recover those sums from third party defendants.
Prior to trial, plaintiffs settled their claims against Beauvais, Champ's, Cavalier and Interstate for $400,000.00. In addition, Champ's gave plaintiffs a note for $100,000.00.
Following a jury trial, verdict was rendered on March 28, 1979. The acts or omissions of both Ordoyne and Beauvais were found to have contributed to or caused the Heberts' deaths. Donald J. Hebert was found not to have been contributorily negligent. Awards were made in the following amounts:

*410
 For the For the
 death of death of
 Donald Hebert Bobbie Hebert
Cathy Ann $ 45,000 $ 35,000
Jo Ann 50,000 35,000
Donna Ann 75,000 50,000
Pamela Ann 85,000 50,000
Donald J., III 100,000 50,000
 ________ ________
 $355,000 $220,000

On the ground that plaintiffs had previously settled their claims against Beauvais, who, together with Ordoyne, was a joint tortfeasor, the trial court reduced by half the award made to each child for the death of each parent. Judgment was signed in favor of plaintiffs and against Ordoyne, Farm Bureau and Royal Globe in the following amounts:

 For the For the
 death of death of
 Donald Hebert Bobbie Hebert
Cathy Ann 22,500 17,500
Jo Ann 25,000 17,500
Donna Ann 37,500 25,000
Pamela Ann 42,500 25,000
Donald J., III 50,000 25,000
 ________ ________
 $177,500 $110,000

The liability of Farm Bureau was limited to $10,000 for each decedent, or a total of $20,000, its policy limits. Royal Globe's liability was limited to $150,000 for the death of Donald Hebert and $100,000 for that of Bobbie Hebert.
Royal Globe, as the uninsured motorist carrier of Donald Hebert, was awarded $6,000 from Ordoyne, based on Royal's third party demand.
In each case, legal interest of seven percent was awarded from March 2, 1977, the date of judicial demand.
Farm Bureau and Royal Globe were cast for one-third and two-thirds of all costs, respectively.
From the trial court's final judgment, Ordoyne, Farm Bureau and Royal Globe have appealed. Plaintiffs have answered the appeal.
Royal Globe specifies six errors by the trial court:
1. Failure to give Royal full credit for the settlement plaintiffs made with the insurers and employer of Beauvais.
2. Failure to permit evidence regarding the amount of the settlement to be heard by the jury.
3. Making excessive awards to each of the plaintiffs.
4. Failing to award more than $6,000 to Royal based on its third party demand against Ordoyne.
5. Assessing Royal with two-thirds of the court costs.
6. Assessing legal interest from date of judicial demand.
Ordoyne and Farm Bureau specify four additional errors:
7. The jury was improperly instructed in several matters.
8. The trial court erroneously found Ordoyne negligent.
9. The trial court failed to find Donald J. Hebert contributorily negligent.
10. Plaintiffs' recovery exceeded their actual damages.
Plaintiffs' answer to the appeal urges that Beauvais and Ordoyne were not joint tortfeasors and that any reduction of the jury award was improper. Alternatively, plaintiffs seek an increase in the jury awards.
Proper jury instructions are those which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law. Hanks v. Drs. Ranson, Swan & Burch, Ltd., 359 So.2d 1089 (La.App. 3rd Cir. 1978), writ denied 360 So.2d 1178 (La.1978). We find the jury instructions as given were fair, reasonable and thorough as to both the issues and law.
Even were we to find the jury instructions to have been improper, a finding which would necessitate this court's acting as a trial court for all practical purposes, Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), we would arrive at the same conclusions as did the jury.
*411 A detailed examination of the entire record convinces us that the Heberts' deaths were caused by the combined negligent acts of both Keith G. Ordoyne and John V. Beauvais. It is also certain that Donald J. Hebert was not contributorily negligent.
Since Beauvis and Ordoyne were joint tortfeasors, the trial court properly reduced the liability of Ordoyne and his insurers by one-half. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964).
Plaintiffs' alternative request that the jury award be increased to $575,000 is confusing since the amount originally awarded by the jury was $575,000. We presume that plaintiffs seek an increase to $1,150,000, so that after the reduction mandated by Harvey, supra, plaintiffs would still be left with $575,000. At any rate, the award as originally made was within the jury's "much discretion" and will not be increased. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). For the same reason, Royal Globe's request for a reduction must be denied.
Farm Bureau maintains that the $575,000 award represents the maximum amount plaintiffs may recover for their damages. On that basis, appellant urges that plaintiffs have already recovered $500,000 (from their settlement with Beauvais, Champ's and their insurers) and therefore may only collect $75,000 from Ordoyne and his insurers. This argument is without merit. Farm Bureau and Ordoyne are responsible for half the damage award. The other half is due from, and has been paid by, the other joint tortfeasor, Beauvais and his insurers. Any sums in excess of $287,500 paid by Beauvais amount to a mere gratuity for which Ordoyne receives no credit.
Royal Globe claims that it should receive credit for both the $500,000 settlement and the $20,000 paid by Farm Bureau. However, Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La.1979), does not allow Royal Globe subrogation rights in the present case where plaintiffs have previously settled with a tortfeasor. Nor do LSA-R.S. 22:1406 D(4) or the reduction clause in the Royal Globe policy permit Royal to effectively lower the amount of uninsured motorist coverage to which it has contractually agreed.
Deane v. McGee, 261 La. 684, 260 So.2d 669 (1972) and Graham v. American Casualty Company of Reading, Pennsylvania, 261 La. 85, 259 So.2d 22 (1972), stand for the proposition that while an uninsured motorist policy must be written in the minimum legal amount, an insured may contractually arrange for greater coverage. Furthermore, when either multiple uninsured policies or a single uninsured policy with greater than minimum coverage has been secured, clauses such as "reduction," "other insurance" or "pro rata" which, if effective, would lessen the uninsured coverage, will be held unenforceable. Smith v. Trinity Universal Insurance Company, 270 So.2d 637 (La.App. 2nd Cir. 1972); Deane v. McGee, supra, and Graham v. American Casualty, supra.
Royal Globe's only consolation is that Harvey operates to lessen Ordoyne's liability by one-half and Royal's from $300,000 to $250,000.
Royal Globe specifies as error the trial court's failure to inform the jury of the amount of plaintiffs' pre-trial settlement. We find no error here. A compromise and discharge of one of two joint tortfeasors will restrict the claimant's recovery against the other tortfeasor to one-half under Harvey, but the compromise itself is not admissible for the purpose of showing that the alleged co-tortfeasor was jointly negligent, while the amount of the compromise is relevant for no purpose. Broussard v. State Farm Mutual Automobile Insurance Company, 188 So.2d 111 (La.App. 3rd Cir. 1966), writ refused 249 La. 713, 190 So.2d 233 (1966).
Royal Globe appeals that part of the judgment which limited recovery on its third party demand against Ordoyne to $6,000. Daniels v. Conn, 382 So.2d 945 (La. *412 1980), held that where there are solvent and insolvent joint tortfeasors liable in solido, evidence of the insolvent defendant's inability to pay may not be considered[2] by the trial judge in either determining damages to be awarded to the plaintiff, or in apportioning damages between those joint tortfeasor defendants at the trial on the merits of plaintiff's claim.
In the present case, however, the judgment which limited Ordoyne's liability to Royal Globe had no effect on the damages awarded to plaintiffs, nor was there an apportioning of the damages between defendants (both Royal Globe and Ordoyne being cast in solido up to Royal's policy limits). Ordoyne's liability to Royal Globe arose directly from Royal's third party demand. Therefore, Daniels v. Conn, supra, is inapplicable and the inability of Ordoyne to respond to Royal Globe was properly considered.
Royal Globe appeals the award of interest from date of judicial demand. LSA-R.S. 13:4203 provides that
"Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto,' which may be rendered by any of the courts."
Regardless of any policy provisions purporting to limit its liability for interest, Royal Globe was properly assessed with legal interest (based on the amount Royal owed) from March 2, 1977, the date of judicial demand. O'Donnell v. Fidelity General Insurance Company, 344 So.2d 91 (La.App. 2nd Cir. 1977).
Royal Globe's final ground for appeal is that the judgment assessing it with two-thirds of the total costs of trial was improper. LSA-C.C.P. Art. 1920 provides
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
The trial court has much discretion in assessing costs. Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir. 1976). We find no abuse of the trial court's discretion in assessing costs.
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be paid by Royal Globe Insurance Company.
AFFIRMED.
NOTES
[1] Champ's Truck Service was erroneously sued as Champs.
[2] Whether evidence as to a defendant's inability to pay is admissible but not to be considered where there are found to be joint tortfeasors or whether such evidence is simply inadmissible, was a question raised in Lawes v. State Farm Mutual Automobile Insurance Company, 387 So.2d 1200 (La.App. 1st Cir. 1980). Judge Lottinger pointed out that should only one defendant be cast, his impecunious state would be most relevant. Absent previously admitted evidence regarding his inability to respond in damages, there seems to be no vehicle by which the defendant could limit his liability. This problem was also noted by Justice ad hoc de la Houssaye in his concurrence in Daniels, where he stated his belief that the Court's language in Daniels forbids (in his view, incorrectly) the introduction of such evidence.