469 So.2d 1135 (1985)
Lois HARRIS, individually, and as tutrix of the estate of her minor child, Bernita Harris
v.
Maria I. GUITTEREZ, United Services Automobile Association and Allstate Insurance Company.
No. CA-2929.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*1136 Johnston & Duplass, Steven B. Witman, New Orleans, for defendant-appellee Allstate Ins. Co.
Page McClendon Michell, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendants-appellants Maria I. Guitterez, Lisa Radosta, and United Services Automobile Ass'n.
Before GULOTTA, KLEES and J. CIACCIO, JJ.
KLEES, Judge.
This appeal arises out of an automobile collision involving three vehicles, one of which fled the scene immediately after the accident and was never located. At the time of the accident, the plaintiff, Lois Harris, was driving a vehicle owned by her mother, Daisy Edinburgh. Mrs. Harris sued claiming personal injuries to herself and her teenage daughter, Bernita Harris, who was a passenger in the car. Defendants included Lisa Radosta, the driver of the third vehicle; United Services Automobile Association (U.S.A.A.), the liability insurer of the vehicle operated by Radosta; and Allstate Insurance Company, the uninsured motorist carrier for the vehicle driven by Harris.
Allstate and its insured then filed a third party demand against U.S.A.A. for indemnification and/or contribution should it be cast in judgment to the plaintiff. In addition, Allstate asked for recovery of approximately $1,000 it had allegedly paid to its insured to repair property damage to the insured's vehicle.
After a full trial on the merits, the jury found that plaintiff's injuries were caused jointly by Lisa Radosta and the driver of the unknown vehicle, with Radosta being 60% liable and the unknown driver 40% liable. In accordance with this verdict, the district court rendered judgment in favor of plaintiff and against Lisa Radosta, U.S. A.A. and Allstate, in solido, and in favor of Allstate on its third party demand against U.S.A.A. for 60% of any sums that Allstate might be required to pay plaintiff under the judgment. Thus, in effect, U.S.A.A. was required to pay 60% of plaintiff's damages (as the insurer of Radosta, who was 60% at fault), and Allstate the remaining 40% (as the uninsured motorist carrier of plaintiff, to cover the liability of the phantom vehicle).
Subsequently, on motion of Allstate, the trial court reformed the judgment to exclude the liability of Allstate, holding that because U.S.A.A.'s policy coverage was sufficient to cover the entire amount of the judgment, the uninsured motorist policy did not come into play. U.S.A.A. and its insured have appealed from this reformed judgment. The sole issue on appeal is whether, in this situation, an uninsured motorist carrier is liable for damages only if the policy limits of the insured motorist are insufficient to satisfy the judgment. We find that the trial judge erred in reforming his original judgment, and we therefore reverse.
There are three cases pertinent to the determination of this issue. In 1967, the First Circuit held in Fouquier v. Travelers Ins. Co., 204 So.2d 400 (1st Cir.1967), that when an uninsured motorist is solidarily liable with an insured motorist and the insurance in effect is valid, enforceable and sufficient to pay the judgment realized by the plaintiff, the provision in the plaintiff's policy giving coverage in the event of damage by an uninsured motorist does not apply. Like the instant case, the Fouquier case also involved three vehicles, with one of the tortfeasors being insured and one uninsured.
*1137 Subsequent to Fouquier, in Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), the Supreme Court held that the tortfeasor and the uninsured motorist carrier of the victim are solidarily liable to the victim so that the victim's timely suit against the tortfeasor interrupts prescription as to the insurer. Following Hoefly, the Third Circuit decided Farnsworth v. Lumbermens Mutual Casualty Co., 442 So.2d 1340 (La.App. 3rd Cir.1983), writ den., 445 So.2d 452 (La. 1984), which, like Fouquier, is directly on point in the instant situation. In Farnsworth, the plaintiffs sued the insurer of one tortfeasor, and because the second tortfeasor was uninsured, also sued their own uninsured motorist carrier. The jury found each tortfeasor to be 50% at fault, and the court held that because the victim's insurer and the tortfeasor's insurer were solidarily bound, they were equally liable for the damages, regardless of whether the insured tortfeasor's policy was sufficient to cover the damages.
As support for its decision, the Third Circuit cited Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La.1982), wherein the Supreme Court reaffirmed and somewhat strengthened its position in Hoefly, stating:
Although uninsured motorist coverage is provided for the protection of persons injured by uninsured or underinsured tortfeasors, and not for the benefit of such wrongdoers, the statutorily specified coverage guarantees the injured person's recovery of damages as if the tortfeasor had been insured.

425 So.2d at 227 (Emphasis added). Thus, after a careful review of Hoefly and its progeny, the Farnsworth court concluded that the reasoning of Fouquier and other earlier cases should be abandoned in light of the Supreme Court's express declaration that an uninsured motorist carrier is now statutorily bound to recompense for the claims of an injured party as if it were the tortfeasor's insurer.
Having considered the relevant jurisprudence, we find the Third Circuit's decision in Farnsworth to be better reasoned and thus more convincing than the older Fouquier decision. Therefore, we hold that the trial court erred in reforming the original judgment to cast U.S.A.A. as the defendant solely responsible for payment of the plaintiffs' damages. Because Allstate and U.S.A.A. are solidarily liable, we find that Allstate should be held responsible for payment of 40% of the judgment, in accordance with the jury's finding that the uninsured (fleeing) motorist was 40% at fault.
As for Allstate's claim in subrogation for recovery of whatever moneys it paid to its insured for damage to the insured's vehicle, which it re-urged in its brief, we cannot grant this relief, since Allstate neither appealed nor answered this appeal.
Accordingly, for the reasons given, we reverse, in part, the judgment of the trial court and render judgment in favor of plaintiff and against United Services Automobile Association, Lisa Radosta and Allstate Insurance Company, in solido, for the amounts specified by the trial court. Judgment is further rendered in favor of Allstate Insurance Company and against Lisa Radosta and United Services Automobile Association in solido, for 60% of any sums it may pay plaintiff under the judgment, including interest and costs. Judgment is further rendered in favor of United Services Automobile Association and Lisa Radosta against Allstate Insurance Company for 40% of any sums it may pay plaintiff under the judgment, including interest and costs. Each party is to bear its own costs of appeal.
REVERSED IN PART
AMENDED IN PART.