ALFORD, Judge.
Defendants, Homecraft Corporation (Homecraft) and David Archer, d/b/a Archer’s Electrical Service (Archer) appeal the trial court judgment which awarded the plaintiff, Florists’ Mutual Insurance Company, full recovery on its subrogation suit but failed to hold another defendant, Sears, Roebuck and Company (Sears) solidarily liable.
Plaintiff, as residential property insurer of Carl and Nelda Jean Mayeaux, paid the Mayeauxs $13,589.08 for fire damage to their kitchen and sued the defendants under subrogation rights obtained from the Mayeauxs.[1]
At the time of the fire, the Mayeauxs’ home was approximately thirteen months old. The record shows that Homecraft constructed this house in 1974 and that Archer performed the electrical work therein for Homecraft. In the early morning of September 28, 1975, a fire occurred in the kitchen range-range hood area and spread to the attic and roof above the hood. The official report prepared by the firemen after they extinguished the fire showed the cause of ignition as “stove left on with frying pan on it” and indicated that the material which ignited was grease. However, George Hero, an electrical engineer who was the plaintiff’s expert on the cause and origin of fires, testified at trial that he did not find any evidence to indicate that the fire was started by grease in a pan left on a burner. Hero inspected the kitchen two days after the fire and indicated that the area did not appear to have been cleaned up. He stated that the fire originated in the area above the hood. The range hood was manufactured by Sears and the electrical wiring outside the hood was done by Archer.
Hero determined that the cause of the fire was two-fold. First, physical evidence showed that an arcing of electricity within the junction box located inside the hood melted the wires therein and caused increased amperage to travel through the wiring outside of the hood. Hero stated his belief that the arcing was caused by a defect in the wiring inside the hood’s junction box rather than by heat from an external source such as a grease fire. Second, the fire actually started in the wiring outside of the hood because a loose connection prevented the circuit breaker from tripping and stopping the flow of electrical current to the area when the amperage increased. Hero opined that, since the wiring outside the hood was properly sized in relationship to its corresponding circuit breaker, the damage would have been contained within the hood had there not been a faulty connection which prevented the circuit breaker from working. The wiring in the area where the fire started was completely destroyed; therefore, there was no physical evidence of a loose connection. Hero, an expert accepted by all parties, was the only expert to testify. After hearing the testimony of the two witnesses, Hero and Archer, and reviewing the scanty evidence, the trial court determined that (1) Homecraft and Archer were solidarily liable to the plaintiff for $12,839.08 plus interest and 95% of all court costs, (2) Sears was not solidarily liable with the other two defendants but was liable for the defective hood in the amount of $750.00 plus interest and 5% of all costs, (3) Archer was liable to Homecraft for any payment made by Homecraft, and (4) Homecraft’s insurer, Aetna Insurance Company, was not liable because of policy exclusions.[2]
*748 Archer alleges that Mayeaux’s failure to testify at trial should give rise to the presumption that his testimony would have been unfavorable to the plaintiff. It is well established jurisprudentially that failure to call a witness who possesses knowledge of facts pertinent to the case and whose absence is not satisfactorily explained results in an inference that the witness’s testimony would be adverse. Howard v. Housing Authority of New Orleans, 457 So.2d 834 (La.App. 1st Cir.1984). The operative words in the instant case are those emphasized above. It is evident from the record that the plaintiff diligently tried to find its missing insured and bring him into court. Mayeaux could never be located. Therefore, no adverse presumption should be applied in the instant case.
Homecraft and Archer contend that the trial court erred in finding that the fire was caused by a defect in the range hood and in the house wiring. The appellants cite lack of proof of improper wiring and failure to exclude other reasonable hypotheses in support of their contention. The plaintiffs burden is to prove its case by a preponderance of the evidence. This burden may be met by direct or circumstantial evidence. The plaintiff attempted to prove the instant case with mainly circumstantial evidence. If circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypotheses with a fair amount of certainty. However, it is not necessary for the circumstantial evidence to negate all other possible causes. Lacey v. Louisiana Coca Cola Bottling Company, Ltd., 452 So.2d 162 (La.1984). When examining all the evidence, proof is sufficient if the fact or causation sought to be proved is more probable than not. A & M Pest Control Service, Inc. v. Fejta Construction Co., Inc., 338 So.2d 946 (La.App. 4th Cir.1976).
The only expert called to testify in the instant case was Hero. The firemen who extinguished the fire and prepared the report did not testify. As stated by the trial court:
There was a pot apparently on the stove which was burned on the top edge. From the pattern of the fire, Mr. Hero determined that the pot or anything in it was not the cause of the fire. Similarly, he excluded the possibility of this damage being caused by a grease fire due to the fact that there was not enough damage to the. top of the range. He determined that the only source of energy in the area where the fire started was electrical. The fire was electrical in origin.
Mr. Hero’s testimony was uncontra-dicted that if the electrical work immediately outside the hood had not been loose, the fire “probably” would have been confined to the area within the hood.
Relative to the firemen’s determination that there was a grease fire on the stove, Hero stated that “[a]t 4:00 o’clock in the morning, I think that most probably they used the easiest approach without making a detailed investigation.” As to causes for an electrical fire other than defective wiring, Hero testified that because of the relative newness of the house and hood, normal wear and tear should not have caused any electrical wiring failure. He also noted that the fire occurred in an area to which the insured homeowner did not have access.
The trial court obviously considered Hero’s testimony to be reliable and accurate and to exclude other reasonable hypotheses. We have thoroughly reviewed the record and find that the trial court’s factual determination as to the cause and origin of the fire is not manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Homecraft and Archer also contend that the trial court erred in failing to find Sears solidarily liable for the full amount of the damages. We agree. Louisiana law is clear that “[w]hen the actionable negligence of two tort feasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable.” Dixie Drive It Yourself *749 System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298, 301 (1962). See La.Civ.Code art. 2324; Lang v. Prince, 447 So.2d 1112 (La.App. 1st Cir.1984), writ denied, 450 So.2d 1309, 450 So.2d 1311 (La.1984). The trial court found the “fire was caused by an electrical [arc] due to a defective hood” and that a loose wire was a “cause-in-fact of the damage suffered by the building outside the defective hood.” Thus it is evident that Sears is a joint tort feasor with the appellants, and, as such, is solidarily liable to the plaintiff for the full amount of damages.
For the foregoing reasons, we amend the trial court judgment to show that Home-craft, Archer and Sears are solidarily liable to the plaintiff for the total sum of $13,-589.08. In all other respects, the judgment is affirmed. Costs of this appeal are to be borne fifty percent by Homecraft and Archer and fifty percent by Sears.
AMENDED, AND AS AMENDED, AFFIRMED.

. Under a separate suit that was consolidated with the instant suit, Mayeaux sought an award for property damage and personal injuries. However, Mayeaux did not appear in court, either personally or through counsel, and his suit was dismissed.

. Archer did not appeal the finding of his liability to Homecraft, nor did Homecraft appeal the *748 dismissal of Aetna; therefore those parts of the judgment are not before this court.