550 So.2d 257 (1989)
Regan McBride RUTKOWSKI and Morgan McBride Knight
v.
STATE of Louisiana, Louisiana Department of Transportation and Development, Mississippi River Bridge Authority, Lexington Insurance Company and its Agents, Continental Casualty Insurance Company.
No. 88-CA-0024.
Court of Appeal of Louisiana, Fourth Circuit.
September 14, 1989.
*258 Victor E. Stillwell, Jr., Bobby M. Harges, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees.
Stephen L. Huber, Metairie, for defendants-appellants.
Before WARD, WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant/third-party plaintiff, Liberty Mutual Insurance Company (Liberty), appeals from a judgment sustaining an exception of no cause of action in favor of defendant/third-party defendant, Modjeski & Masters (M & M). We now reverse.
On the night of May 27, 1986, Yvonne S. McBride was driving in the left-hand lane of the Greater New Orleans Mississippi River Bridge, headed toward New Orleans. An unidentified vehicle headed in the same direction, traveling in the right hand lane, suddenly veered into Mrs. McBride's lane and struck her car. She was propelled across the center emergency lane of the bridge and struck an oncoming vehicle head on. Mrs. McBride died from the injuries sustained in the accident. The unidentified vehicle was never located.
Decedent's two daughters instituted this action against Liberty (decedent's uninsured motorist carrier), the State of Louisiana, Through the Department of Transportation and Development, the Mississippi River Bridge Authority, the insurers of these agencies, Modjeski & Masters (an engineering consultant partnership), and its insurer. Plaintiffs alleged that M & M was negligent in failing to recommend that a median barrier be installed on the bridge.
Liberty filed third-party demands against all other defendants, including M & M, seeking indemnity and contribution for any amounts paid to plaintiffs as a result of the fault of these third-party defendants. M & M filed an exception of no cause of action as to the third-party demand of Liberty which was sustained by the trial court. Liberty now appeals.
Liberty contends that the trial court erred in finding that it had no cause of action against M & M for contribution or indemnity. Liberty claims that it and M & M are solidarily bound with the uninsured hit-and-run motorist for the damages sustained by plaintiffs. Therefore, Liberty argues, as a solidary co-obligor, M & M is liable to it for any amounts it pays to plaintiffs as the result of M & M's fault. It is clear that if Liberty is correct, it has a cause of action against M & M.
M & M cites La.R.S. 22:1406(D)(1)(a) which mandates that liability insurers provide uninsured motorist coverage in their policies for "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom..." It also cites La.R.S. 22:1406(D)(4) which states:
"In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent *259 thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
M & M argues that the subrogation rights of UM insurers are limited by La. R.S. 22:1406(D)(1)(a) and 22:1406(D)(4) to only the amounts paid by them to insureds for damages incurred as the direct result of the delicts of uninsured motorists. It contends that Liberty has no rights of recovery from any tortfeasor except the uninsured motorist, and then only by way of the subrogation provided under La.R.S. 22:1406(D)(4). It dismisses the notion that Liberty is a solidary obligor with the uninsured motorist and the other joint or co-tortfeasors such as would allow it a right of contribution for amounts paid to plaintiffs. We disagree.
In Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), the Louisiana Supreme Court examined the issue of whether a UM insurer and an uninsured motorist tortfeasor were solidarily bound to repair the damage to the UM carrier's insuredthe tort victim. The narrow issue was whether prescription was interrupted as to the UM insurer by the filing of suit against the uninsured motorist tortfeasor. The court answered both questions in the affirmative, holding that the UM insurer was solidarily bound with the tortfeasor because each was bound to do the same thing, repair the damage incurred by the victim through the fault of the uninsured motorist.
In Fertitta v. Allstate Insurance Company, 462 So.2d 159 (La.1985), the Supreme Court explicitly affirmed its holding in Hoefly, seemingly using more expansive language. The court stated:
"We reaffirm Hoefly. An obligor who, because of some provision of law, is liable to repair the damages caused by the tortfeasor is solidarily liable with the tortfeasor, despite the independent sources of liability and despite statutory and policy conditions limiting liability to some extent. Both are obliged to the same thing, because that which each is bound to doto repair the tort damageis essentially one and the same thing. This is the essential requirement for a determination of solidarity.... Because two debtors are solidarily bound, the creditor can demand performance of the entire obligation from either obligor as if he were the sole debtor." (emphasis ours)
Therefore, Liberty is solidarily liable with the uninsured and unidentified motorist for the full amount of the damages incurred by plaintiffs. But is the UM insurer also solidarily bound with the joint or co-tortfeasors of the uninsured motorist?
The holdings of the Supreme Court in Hoefly and Fertitta were based on repealed La.C.C. art. 2091 which provided, "[t]here is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when payment which is made by one of them, exonerates the other toward the creditor." The substance of repealed La.C.C. art 2091 is now contained in La.C.C. art. 1794. The Revision Comment notes that the new article restates the principle contained in the old, and does not change the law.
La.C.C. art. 2324, as in effect at the time of the accident in the instant case, provided that "[p]ersons whose concurring fault has caused injury, death or loss to another are... answerable, in solido ..." These joint tortfeasors, being bound in solido, are each liable for the full amount of damages suffered by the tort victim. Here, if liability is established, M & M and the "phantom" motorist would be liable in solido for the plaintiffs' damages caused by their concurrent fault, even though their fault resulted from different acts or breaches of different obligations. Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982); Cavalier v. City of New Orleans, 273 So.2d 303 (La.App. 4th Cir.1973).
Subject to policy limitations, under Hoefly, supra, and Fertitta, supra, and La.C.C. *260 art. 2324, as in effect at the time of the accident in the instant litigation, Liberty, the UM insurer, would be required to pay the full amount of plaintiffs' damages just as the "phantom" motorist could have been required to do had he been located and made a party to this action. Thus, the "phantom" motorist, M & M, and Liberty are each bound to do the same thing, recompense the plaintiffs' the full amount of damages caused by the concurrent fault of the two joint tortfeasors.
Louisiana state appellate courts in at least two circuits, including this one, have held that UM insurers are bound in solido with the uninsured motorist tortfeasor and a joint tortfeasor for the tort victim's damages. See Harris v. Guitterez, 469 So.2d 1135 (La.App. 4th Cir.1985) and Farnsworth v. Lumberman's Mutual Casualty Co., 442 So.2d 1340 (La.App. 3rd Cir.1983). Hoefly, supra, was cited as authority in both decisions. Even though in both of these cases the joint tortfeasor was also a motorist, the result should be the same where, as in the instant case, the joint tortfeasor is a non-motorist.
An en banc panel of this court reconsidered the principal enunciated in Harris v. Guitterez, supra, in light of the facts of this case. A majority of the panel found Harris still good law, and applicable in the instant case.
Considering the law and jurisprudence, and the facts as set forth in plaintiffs' petition, Liberty, M & M, and the uninsured motorist are bound in solido for the full amount of damages sustained by plaintiffs as the result of the concurrent fault of the two joint tortfeasors.
The legislative aim of the uninsured motorist statute is to promote full recovery for damages incurred by innocent automobile accident victims. Holding the UM insurer liable in solido with the tortfeasor uninsured motorist as well as any joint tortfeasors furthers this goal. The object of the legislation is to compensate the innocent victim. If the defendants are bound in solido the UM insurer will likely be more inclined to tender a settlement to its insured, knowing that it can seek contribution from the other solidary co-obligors proportionate to their share of fault. La.C.C. art. 1804 and Revision Comment (b). Though all solidary co-obligors are usually named as defendants, the victim-insured need only sue one of them if he so chooses. La.C.C. art. 1795. The burden will then be on that one defendant to bring in as third-party defendants any solidary co-oblibors. While this may have the incidental effect of providing the UM insurer and tortfeasors the right of contribution, the ultimate and primary benefactor will be the innocent victim.
A UM insurer bound in solido with the uninsured motorist and any joint tortfeasors enforces its right to contribution by filing a third-party claim under La.C.C.P. arts. 1111-1116, as Liberty did in the instant case. Therefore, the trial court erred in sustaining M & M's exception of no cause of action to Liberty's third-party claim.
For the foregoing reasons, the judgment of the court is reversed. Liberty Mutual Insurance Company's cause of action against Modjeski & Masters is reinstated. This case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
WILLIAMS, Judge, concurs.
I disagree with the majority's opinion that a UM carrier is solidarily bound with a joint tortfeasor of the uninsured motorist and has a cause of action for subrogation against that joint tortfeasor. While the Louisiana Supreme Court has held that the UM carrier is solidarily bound with the uninsured motorist for purposes of interrupting prescription, Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982), the Supreme Court's restricted application of this solidary relationship precludes the extension of Hoefly to the facts of this case. Nevertheless, I am compelled by this court's continued approval of Harris v. Guitterez[1], 469 So.2d 1135 (La. *261 App. 4th Cir.1985), to follow the principle enunciated therein. Accordingly, I respectfully concur only in the result reached by the majority.
Although the Supreme Court reaffirmed Hoefly in Fertitta v. Allstate Insurance Co., 462 So.2d 159 (La.1985) [Court held payment by plaintiff's UM carrier exonerated underinsured tortfeasor to extent of that payment], the Supreme Court has implicitly retreated from a holding that the UM carrier and the uninsured tortfeasor are solidarily liable for all purposes.
In Roy v. U.S.A.A. Casualty Insurance Co., 453 So.2d 564 (La.1984), the UM insured settled with and released a negligent motorist (co-debtor in solido with UM carrier). The release contained a loosely worded reservation of rights against other debtors "in the event other parties are responsible... for damages as a result of this accident." LSA-C.C. art. 2203 as it then existed provided that, unless the creditor expressly reserved his rights against co-debtors in solido, release of one co-debtor operated to release all. The court first stated, "(W)e found [in Hoefly ] the tortfeasor and UM carrier were liable in solido, at least for the purpose of allowing an interruption of prescription." Id. at 566 [emphasis added]. The court then found the loose language of the agreement operated as an express reservation and escaped a holding on whether an express reservation was actually required in this case and thus, a determination of the extent of Hoefly `s solidarity. See 15 W.S. McKenzie & H.A. Johnson, III, Louisiana Civil Law Treatise, Insurance Law and Practice § 127, at 270 n. 44 (1986).
Subsequently, in Carona v. State Farm Insurance Co., 458 So.2d 1275 (La.1984), the court reversed five consolidated cases in which lower courts dismissed claims against UM carriers where UM insureds had settled with uninsured or underinsured tortfeasors without expressly reserving rights against the UM insurers. Although the Supreme Court restated that the UM carrier and the tortfeasor are co-debtors in solido, the court avoided the complete effectuation of Hoefly's solidarity, holding that "Article 2203 ... has been superceded in part by the UM statute which preserves the insured's ability to exercise his rights of recovery after a settlement with one of his codebtors in solido."[2]Id. 458 So.2d at 1277, citing LSA-R.S. 22:1406(D)(4).
While the boundaries of the solidary relationship set forth in Hoefly remain unsettled, I decline to extend this legal fiction of the UM carrier's solidarity with the uninsured tortfeasor to the facts of the instant case. The obligation which a UM carrier owes to its insured is strictly provided by contract to which the tortfeasor (uninsured motorist or joint tortfeasor of the uninsured motorist) is not a party; it is provided for the sole purpose of protecting the insured when injured by the fault of an uninsured or underinsured motorist. The Hoefly result may be efficacious in prescription cases where suit was timely filed against the uninsured tortfeasor but not against plaintiff's UM carrier. However, in view of the irresolute application of Hoefly in Roy v. U.S.A.A. Casualty Insurance Co., supra, and Carona v. State Farm Insurance Co., supra, Hoefly's solidarity should not be extended in the instant case to the obligations allegedly owed by Liberty as a UM carrier and Modjeski & Masters as an alleged joint tortfeasor of the uninsured motorist.
Moreover, such an expansion of Hoefly would be inconsistent with the underlying purpose of UM legislation. The object of uninsured motorist legislation is to promote full recovery for innocent automobile accident victims via UM coverage as primary protection when the motorist tortfeasor is without insurance and excess protection when he is inadequately insured. Hoefly v. Government Employees Insurance Co., 418 So.2d at 578; Bond v. Commercial Union Assurance Co., 407 So.2d 401, 410 (La.1981) (on rehearing). This policy must *262 be considered within the confines of the express language of the legislation, which states that UM coverage is for the protection of the insured. LSA-R.S. 22:1406(D)(1)(a)(i). A finding that the UM carrier and a joint tortfeasor of the uninsured motorist are solidarily bound would too often inure to the benefit of the joint tortfeasor, not the UM insured. The majority decision is based in part upon two cases which acknowledge this but nonetheless interpret the UM statutory scheme ultimately to reduce the damages owed by an adequately insured tortfeasor. Farnsworth v. Lumbermens Mutual Casualty Co., 442 So.2d 1340 (La.App. 3d Cir.1983), writ den. 445 So.2d 452 (La.1984); Harris v. Guitterez, 469 So.2d 1135 (La.App. 4th Cir. 1985).
In both Farnsworth and Harris, fault was apportioned between two joint tortfeasors, one with liability insurance adequate to satisfy the entire judgment and the other uninsured. In both cases, the trial court held the insured tortfeasor's liability insurer responsible for the entire judgment. Both appellate courts amended to hold the two insurance carriers (the insured tortfeasor's liability insurer and the plaintiff's UM carrier) solidarily liable, with each responsible to the extent of the respective tortfeasor's portion of fault.[3]Farnsworth and Harris relied on Hoefly and its progeny, specifically Johnson v. Fireman's Fund Insurance Co., 425 So.2d 224 (La.1982), wherein the Supreme Court recognized a solidary relationship between the UM carrier and the uninsured/underinsured motorist.
In Johnson, the Supreme Court considered the UM statute as it related to the workers' compensation statute, and determined that where an employee was injured by an uninsured motorist, the UM carrier was required to pay "damages" under LSA-R.S. 23:1101 by virtue of its solidary relationship with the uninsured motorist at fault. It is in this context that the court stated: "(T)he statutorily specified coverage guarantees the injured person's recovery of damages as if the tortfeasor had been insured." Johnson v. Fireman's Fund Insurance Co., 425 So.2d at 227 [the Court ultimately held that the workers' compensation insurer could recover from the UM carrier the amounts paid to an employee injured in a work-related accident through the fault of the uninsured motorist since the UM carrier is a third person required to pay damages under § 1101].
From this language, the Third Circuit in Farnsworth and this court in Harris concluded that an uninsured motorist carrier was statutorily bound to pay the claims of an injured party as if it were the tortfeasor's insurer, and expanded the limits of Hoefly's solidarity to include a joint tortfeasor of the uninsured motorist. However, as stated in 15 McKenzie & Johnson, supra § 134 at 280, "(A) strange anomaly results when insurance purchased by or for the victim to protect against uninsured or underinsured motorists is used to reduce the obligations of an adequately insured tortfeasor.... To mandate such `protection' [provided by the UM statute] when adequate liability insurance is available from any source is unnecessary and incongruent with the public policy represented by the UM statute. The courts should recognize that UM insurance is available only to compensate victims who are unprotected by liability insurance. The obligation of the UM insurer always should be secondary to liability insurance." Accordingly, neither the Johnson case nor the UM statute should be construed so as to judicially re-cast the UM carrier as the uninsured tortfeasor's liability insurer who is solidarily liable with a joint tortfeasor or his insurer.
While a finding of solidarity between all named defendants might also provide a procedurally simple recovery for the victim plaintiff, such a finding does not promote full recovery for the victim. A victim *263 plaintiff who is unable to recover from the actual joint tortfeasors, including the uninsured motorist, or the liability insurers of the insured tortfeasors, will recover from his UM carrier in any case under his contract with the UM carrier. Moreover, he will recover without the need for judicial creation of a solidary obligation between the UM carrier and a joint tortfeasor of the uninsured motorist. A finding that the UM carrier is solidarily bound with a joint tortfeasor of the uninsured motorist would merely expand the pool of defendants from which a plaintiff could demand payment in the first instance to include a party defendant (the UM carrier) which has no legal relationship whatsoever with a joint tortfeasor of the uninsured motorist.
For the foregoing reasons, I respectfully concur.
NOTES
[1] As noted by the majority, Harris was reconsidered by an en banc panel of this Court. The majority of the panel, from which I dissented, refused to overrule Harris.
[2] For a discussion of the court's holding in Carona, see 15 McKenzie & Johnson, supra § 127; McKenzie & Johnson, Insurance Law, 46 La.L.Rev. 475 (1986).
[3] It is clear that the application of UM coverage in Farnsworth and Harris was not specifically for the protection or benefit of the insured. LSA-C.C. art. 2324 as amended by Acts 1987, providing that joint tortfeasors shall be solidary only to the extent necessary for 50% recovery of damages, was not yet in effect. Thus, plaintiff in both cases would not have been denied full recovery without the courts' extension of Hoefly.