552 So.2d 1 (1989)
Emile H. THERIOT, Jr. and Barbara C. Theriot
v.
Phillip P. BERGERON, Appearing Individually and as Administrator of the Minor Child, Joel P. Bergeron, Allstate Insurance Company and Capital Enterprise Insurance Company.
No. 88CA1115.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
Concurring in Part and Dissenting in Part November 14, 1989.
Michael J. Samanie, Houma, for plaintiffs and appellees, Emile Theriot Jr. and Barbara Theriot.
Donald Massey, New Orleans, for defendant and appellant, Capital Enterprise Ins. Co.
Stephen LaRussa, Houma, for defendants, Phillip Bergeron and Allstate Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
This case involves a purely legal issue concerning the subrogation rights of the *2 plaintiffs' liability insurer for the medical payments it made to plaintiffs. Herein we decide: (1) that tortfeasors owe medical payments to the plaintiffs' insurer in the same proportion as they owe liability payments to the plaintiffs; and (2) that even though one tortfeasor may have sufficient insurance coverage to pay the whole judgment, the uninsured/underinsured motorists carrier still provides liability coverage for the uninsured or underinsured tortfeasor(s).

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Emile and Barbara Theriot, filed suit against the following defendants: Phillip Bergeron, individually and as administrator of the estate of his minor child, Joel; Allstate Insurance Company (Allstate), Bergeron's liability insurer; First Assembly of God of Dulac (First Assembly); State Farm Mutual Automobile Insurance Company (State Farm), the church's liability insurer; and Capital Enterprise Insurance Group (Capital), the plaintiffs' uninsured/underinsured motorist insurer.[1] The plaintiffs sought to recover damages for injuries they sustained in a car accident on January 17, 1986; as their vehicle attempted to stop behind a bus owned by First Assembly and operated by its minister, which was stopped and unloading passengers, the vehicle behind the Theriots, which was driven by Joel Bergeron, rear-ended them.
Various cross-claims and third party demands were filed by the defendants. Capital filed a cross-claim against Bergeron and Allstate and a separate cross-claim against State Farm. In its cross-claim against Bergeron and Allstate, Capital sought recovery from both codefendants for the medical payments it made to plaintiffs on the basis that it was conventionally and legally subrogated to the plaintiffs' claims in the amount of the medical payments.[2] In Capital's cross-claim against State Farm, it again sought recovery for medical payments made by it to plaintiffs pursuant to conventional and legal subrogation.[3] The parties stipulated that Capital had paid $2,475.00 to Emile Theriot and $12,672.25 to Barbara Theriot under its medical payment provisions.

TRIAL COURT JUDGMENT
The liability and damages issues on the main demand were tried to the jury, and the cross-claims and third party demands were tried by the judge. The jury found Bergeron 80% at fault and First Assembly 20% at fault. The jury awarded $10,000.00 in damages to Emile Theriot (including $3,000.00 in past and future medical expenses) and $160,000.00 to Barbara Theriot (including $30,000.00 in past and future medical expenses). The court rendered judgment in accordance with the jury verdict; after deducting the $15,147.25 which Capital had made in medical payments to the plaintiffs, it awarded plaintiffs their damages against all defendants in solido, and then directed that payment of the damages be based on the percentages of fault assessed against the parties. Allstate and Bergeron were to pay 80% of the damages and State Farm was to pay 20%. As to Barbara Theriot, because Allstate's policy limits were exhausted, Capital as plaintiffs' underinsured motorist insurer had to pay *3 the remainder of Allstate and Bergeron's 80% share.[4]
The trial judge rendered judgment on the cross-claims finding State Farm liable to Capital for 20% of the medical payments made to the plaintiffs and finding Allstate and Bergeron liable to Capital for 80% of the medical payments made to the plaintiffs. The trial judge did not state in the judgment on the cross-claim that Bergeron and Allstate and State Farm were solidarily liable to Capital.[5]

ISSUE ON APPEAL
Capital filed a motion to amend the judgment, contending that judgment on the cross-claim should have been rendered in solido against Bergeron, Allstate, and State Farm. The court denied Capital's motion. From this judgment, Capital appeals, urging that the trial court erred in failing to hold First Assembly, State Farm, Bergeron and Allstate liable in solido to Capital on its cross-claim for medical payments.[6]
The court's reasons for denying Capital's motion are as follows:
At the hearing on these motions, Capital also argued that its cross-claims against Allstate, Bergeron, and State Farm should have been granted in solido against all three defendants. Capital argued that since Bergeron and First Assembly are jointly and solidarily liable for plaintiffs' damages, then their insurers must pay all of plaintiffs [sic] damages to the limit of their policies notwithstanding the percentages of fault attached to the defendants as determined by the jury. If this Court were to grant Capital's request, the result would be that State Farm would be paying more than its insured's 20% of fault and exempt Capital as underinsured motorist carrier from paying any part of the damages incurred by plaintiffs. This Court followed the decision of the court in Harris v. Guitterez, 469 So.2d 1135 (La.App. 4 Cir.1985) in rendering its original judgment; consequently, this Court sees no reason to amend its judgment.

*4 LEGAL ANALYSIS
Capital is conventionally subrogated to the plaintiffs' claims against Bergeron, Allstate, and State Farm in the amount of the medical payments made by it to the plaintiffs.[7] LSA-C.C. arts. 1825, 1826, 1827; Southern Farm Bureau Casualty Insurance Co. v. Sonnier, 406 So.2d 178 (La.1981). However, as a subrogee, Capital acquires only the rights the plaintiffs have. Bosch v. Cummings, 520 So.2d 721, 724 (La.1988). The trial judge found that the defendants and Capital were liable to the plaintiffs in solido, but then found that State Farm must pay 20% of the damages and that Bergeron, Allstate, and Capital must pay 80% of the damages. Capital, as an underinsured motorist insurer, was liable for that portion of the damages exceeding Allstate's policy limits even though State Farm had sufficient insurance to cover the remainder of plaintiffs' damages. The trial court based its holding on Harris v. Guitterez, 469 So.2d 1135 (La.App. 4th Cir.1985), wherein the Fourth Circuit found that where an insured motorist was 60% at fault and the driver of an unknown vehicle was 40% at fault, the plaintiff's uninsured motorist carrier was 40% liable for the plaintiff's damages, notwithstanding that the liability policy limits of the insured motorist were sufficient to satisfy the judgment.[8]
Here, plaintiffs only had a right to recover 20% of their damages from State Farm. Likewise, Capital may only recover 20% of its medical payments to plaintiffs from State Farm since it stands in the shoes of the plaintiffs. To hold otherwise would give Capital greater rights than the plaintiffs had against State Farm and would circumvent the court's ruling on the main demand.
We agree with Capital's contention that because Bergeron, Allstate, and State Farm are solidarily liable to the plaintiffs, these defendants should likewise be liable in solido to Capital as the subrogee of the plaintiffs. See Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980). However, as earlier stated, we believe that the liability of the solidary obligors to Capital is the same as it is to the plaintiffs.[9]

CONCLUSION
For these reasons, we will amend the judgment of the trial court to recognize that Bergeron, Allstate, and State Farm are liable in solido to Capital on its cross-claims for medical payments, yet we will also include in the judgment the percentages *5 of damages each party must pay. We now amend that portion of the judgment dealing with Capital's cross-claims to read as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein against defendants PHILLIP P. BERGERON, ALLSTATE INSURANCE COMPANY (not to exceed its policy limits of $100,000 for each plaintiff), and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (not to exceed its policy limits of $100,000 for each plaintiff), in solido, and in favor of Capital Enterprise Insurance Group in the full and true sum of $15,147.25, to be paid as follows:

PHILLIP P. BERGERON AND
ALLSTATE INSURANCE COMPANY
80% of Barbara Theriot's
medical payments $10,137.80
80% of Emile Theriot's
medical payments $ 1,980.00
TOTAL $12,117.80
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
20% of Barbara Theriot's
medical payments $ 2,534.45
20% of Emile Theriot's
medical payments $ 495.00
TOTAL $ 3,029.45

together with legal interest from the date of judicial demand until paid and costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the cross-claim of CAPITAL ENTERPRISE INSURANCE GROUP against PHILLIP BERGERON is granted for any and all sums that CAPITAL ENTERPRISE INSURANCE GROUP pays to BARBARA C. THERIOT in accordance with the uninsured/underinsured motorist provisions of the automobile insurance policy issued by CAPITAL ENTERPRISE INSURANCE GROUP to EMILE H. THERIOT, JR. together with legal interest from date of judicial demand until paid. The total payments to be made by ALLSTATE INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. in this matter, excluding interest and costs, shall not exceed their policy limits of $100,000 for each plaintiff.
For the above and foregoing reasons, the judgment of the trial court is amended, and as amended, is affirmed. Costs of this appeal are to be assessed equally between State Farm and Capital.
AMENDED, AND AS AMENDED, AFFIRMED.
CARTER, J., concurs in part and dissents in part.
CARTER, Judge, concurring in part and dissenting in part.
As correctly pointed out by the majority, the instant case involves a purely legal issue, namely the subrogation rights of Capital.
Capital's cross-claims against Bergeron and Allstate and State Farm sought reimbursement for the medical payments made pursuant to the med pay provisions of its liability policy.[1] The parties stipulated that Capital paid $2,475.00 in medical expenses on behalf of Emile Theriot and $12,672.25 in medical expenses on behalf of Barbara Theriot. Although the trial judge determined that all defendants were solidarily liable to plaintiffs for their damages, he directed payment of the damages pursuant to their percentages of fault. The trial judge then determined that State Farm was liable to Capital for 20% of the medical payments and that Bergeron and Allstate were liable to Capital for 80% of the medical payments. The trial judge, however, did not cast Bergeron and Allstate and State Farm solidarily liable in the judgment in favor of Capital on the cross-claims.
On appeal, the majority correctly determined that Capital was conventionally subrogated to the plaintiffs' claims against Bergeron and Allstate and State Farm for the amount of medical payments made on behalf of plaintiffs and acknowledged that, as subrogee, Capital had only the rights plaintiffs had. The majority also correctly *6 determined that Bergeron and Allstate and State Farm were solidarily obligated to plaintiffs and to Capital. However, the majority then determined that plaintiffs, and therefore Capital, only had a right to recover 20% of their damages from State Farm and limited Capital's recovery from State Farm to 20% of Barbara's medical payments (not to exceed the policy limits) and 20% of Emile's medical payments.[2]
It is well settled that when the actionable negligence of two tortfeasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). Stated another way, joint tortfeasors are solidarily liable for damages resulting from their concurrent negligence or wrongdoing. See LSA-C.C. arts. 1794[3] and 2324[4]; Joseph v. Ford Motor Company, 509 So.2d 1 (La.1987); Florists' Mutual Insurance Company v. Homecraft Corporation, 506 So.2d 746 (La.App. 1st Cir. 1987), writ denied, 512 So.2d 435 (La.1987); Zeagler v. Town of Jena, 503 So.2d 1137 (La.App. 3rd Cir.1987); Perret v. Webster, 498 So.2d 283 (La.App. 4th Cir.1986). The principal result of solidarity is to prevent division of the debt and to obligate each debtor for the whole, as if he were alone. Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La. 1982); Marzula v. White, 488 So.2d 1092 (La.App. 2nd Cir.1986).
Clearly, pursuant to the aforementioned jurisprudence, plaintiffs would have been entitled to collect all of their damages, up to the respective policy limits, from Bergeron and Allstate or State Farm. However, plaintiffs did not appeal or answer the *7 appeal, and the trial court judgment itemizing the damages to be paid by each solidary obligor is final. Capital appealed the judgment which failed to hold Bergeron and Allstate and State Farm solidarily liable and which allocated the percentage of damages recoverable from each tortfeasor (or insurer). Because plaintiffs would have been entitled to recover all of their damages from any solidary obligor (subject to the policy limits), Capital, as subrogee, is entitled to recover from either solidary obligor all of its medical payments, subject to the policy limits. The majority erred in limiting Capital's recovery from State Farm to 20% of Emile and Barbara Theriot's medical payments.
Therefore, I concur with the majority opinion insofar as it finds Bergeron and Allstate and State Farm solidarily liable to Capital for its medical payments, subject to the policy limits. I respectfully dissent, however, from the majority opinion insofar as it limits Capital's recovery from State Farm to only 20% of the medical payments.
NOTES
[1] Plaintiffs incorrectly named Capital as Capital Enterprise Insurance Company in their petition. The correct name of the defendant is Capital Enterprise Insurance Group.
[2] In its cross-claim against Bergeron and Allstate, Capital also sought indemnification or contribution from Bergeron for any amounts for which it was held liable to the plaintiffs in its capacity as an underinsured motorist insurer.
[3] In Capital's cross-claim against State Farm, it initially sought indemnification or contribution for any damages assessed against Capital. State Farm filed an exception of no right or cause of action on the basis that any damages which Capital would have to pay plaintiffs as an underinsured motorist insurer could not be collected from State Farm, since it was not the tortfeasor. The exception was heard immediately before trial. Capital's attorney agreed that State Farm's exception had merit, and the court sustained the exception. Capital moved to orally amend its cross-claim to include the claim for medical payments by it to plaintiffs; the trial court allowed Capital to orally amend the cross-claim.
[4] The payment of damages on the main demand is more specifically set forth in the judgment. We summarize as follows:

Barbara Theriot
Bergeron and Allstate$100,000.00 (policy limits)
First Assembly and State Farm$29,465.55 (20% of Barbara Theriot's damages award after deducting Capital's medical payments)
Capital$17,862.20 (remaining damages after subtracting Bergeron and Allstate's and First Assembly and State Farm's share; also the remainder of the 80% share of Bergeron and Allstate)
Total Damages$147,327.75
Emile Theriot
Bergeron and Allstate$6,020.00 (80% of Emile Theriot's damages award after deducting Capital's medical payments)
First Assembly and State Farm$1,505.00 (20% of Emile Theriot's damages award after deducting Capital's medical payments)
Total Damages$7,525.00
[5] The trial court rendered judgment on the cross-claims filed by Capital as follows:

IT IS FURTHER ORDERED, ... that the cross-claim of CAPITAL ... against STATE FARM ... is granted in the ... sum of THREE THOUSAND, TWENTY-NINE AND 45/100 ($3,029.45) DOLLARS (which includes 20% of $12,672.25, the total amount of medical expenses that Capital ... paid to Barbara C. Theriot, and 20% of $2,475.00, the total amount of medical expenses that Capital ... paid to Emile H. Theriot, Jr.) together with legal interest from date of judicial demand until paid; however, the total payments to be made by STATE FARM ... in this matter, excluding interest and costs, shall not exceed its policy limits of $100,000 for each plaintiff.
IT IS FURTHER ORDERED, ... that the cross-claim of CAPITAL ... against PHILLIP BERGERON and ALLSTATE ... is granted in the ... sum of TWELVE THOUSAND, ONE HUNDRED SEVENTEEN AND 80/100 ($12,117.80) DOLLARS, (which includes 80% of $12,672.25, the total amount of medical expenses that Capital ... paid to Barbara C. Theriot, and 80% of $2,475.00, the total amount of medical expenses that Capital ... paid to Emile H. Theriot, Jr.) plus any and all sums that CAPITAL ... pays to BARBARA C. THERIOT in accordance with the uninsured/underinsured motorist provisions of the automobile insurance policy issued by CAPITAL ... to EMILE H. THERIOT, JR. together with legal interest from date of judicial demand until paid; however, the total payments to be made by ALLSTATE ... in this matter, excluding interest and costs, shall not exceed its policy limits of $100,000 for each plaintiff.
[6] We note that First Assembly was not made a defendant in the cross-claim filed by Capital; consequently, no judgment could be rendered against First Assembly on the cross-claim.
[7] Under Part GGeneral Provisions, the policy language concerning subrogation reads as follows:

OUR RIGHT TO RECOVER PAYMENT
A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them. However, our rights in this paragraph do not apply under Part D [Coverage for Damage to Your Auto], against any person using your covered auto with a reasonable belief that that person is entitled to do so.
B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment.
[8] The Fourth Circuit in the Harris case rejected this Circuit's reasoning in Fouquier v. Travelers Insurance Co., 204 So.2d 400 (La.App. 1st Cir. 1967), that when an uninsured motorist is solidarily liable with an insured motorist who has sufficient liability coverage to satisfy the judgment, the uninsured motorist coverage does not come into play. The Fourth Circuit based its decision in Harris on the Third Circuit's decision in Farnsworth v. Lumbermens Mutual Casualty Co., 442 So.2d 1340 (La.App. 3d Cir.1983), writ denied, 445 So.2d 452 (La.1984), which was in turn based on the Supreme Court's holding in Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982). We note also that this same issue was presented in a different format in this circuit's opinion in Hebert v. Ordoyne, 388 So.2d 407 (La.App. 1st Cir.1980). In Hebert this court reached a decision consistent with Farnsworth.
[9] Capital will be able to obtain full recovery for the medical payments made to Emile Theriot, since as to him Allstate's insurance is not exhausted. The problem arises regarding Capital's claims against Allstate for 80% of the medical payments made to Barbara Theriot ($10,137.80).
[1] Capital was also the plaintiffs' uninsured/underinsured motorist insurer; however, in its appeal, Capital has not questioned its rights or obligations under its uninsured motorist coverage. As such, the discussion herein is limited to Capital's rights as plaintiffs' subrogee.
[2] Capital will be able to obtain full recovery from Bergeron and Allstate for medical benefits paid to Emile because the policy limits have not been exhausted as to Emile. However, Capital's claims against Bergeron and Allstate for medical payments made to Barbara cannot be fully satisfied because the Allstate policy limits are exhausted.
[3] LSA-C.C. art. 1794 provides:

An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
[4] LSA-C.C. art. 2324, in effect at all times pertinent hereto, provided as follows:

He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.
By Acts, 1987, No. 373, § 1, LSA-C.C. art. 2324 was amended and reenacted as follows:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed.
Under the provisions of this Article, all parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
This provisions was again modified by Acts 1988, No. 430, § 1 to enact the following provision:
C. Interruption of prescription against one joint tortfeasor, whether the obligation is considered joint and divisible or solidary, is effective against all joint tortfeasors. Nothing in this Subsection shall be construed to affect in any manner the application of the provisions of R.S. 40:1299.41(G).